## A. J. WILLARD *v.* CHARLES A. WHIPPLE.

*Levy of Execution.    Record.    Town Clerk.    County Clerk.*

Where an officer stated in his return of an execution levied upon real estate, that he left it " in the town clerk's office in said Newark, together with seventy-five cents for recording the same, to be recorded in the records of lands in said town," and the levy contains a certificate of the town clerk that he recorded it on the 7th day of June, 1864, the day the officer stated in his return that he left it at the town clerk's office for record; these, together, were held to be *prima facie* evidence that the execution and officer's return were properly and seasonably recorded in the town clerk's office, and were a sufficient compliance with the statute in this respect.

It is not necessary to the validity of a levy that the officer should state in his return that the levy was actually recorded, as the recording is not his act, but the official act of the town clerk.

An execution issued more than a year and a day after the date of the judgment, no other intervening, is not void for that cause. The proceedings under it may be erroneous but are not void. A levy thus made cannot be successfully attacked collaterally. It remains valid until set aside by some proceeding brought directly for that purpose. The debtor may waive the error by some positive.act. Presence at the levy, and participation in choosing appraisers, unexplained, tend to show a waiver.

Where a judgment was rendered by a justice of the peace, June 30th, 1859, and his last term of office expired November 30th, 1860, and he deceased January 25th, 1862, and the county clerk issued execution January 5th, 1864, it was *held*, that the clerk had power, under section 74, page 286, General Statutes, to issue the execution, his power in this respect being co-extensive with that which the justice would have had, had he still been in office.

THIS was an action of trespass *quare clausum fregit*. Plea, the general issue and notice. Trial by court at the June Term, 1867, STEELE, J., presiding.

The following facts appeared on trial :

The plaintiff, at the time of the entry complained of, was in possession of the land in question, and claimed to own it. The defendant claimed to own the premises also, and removed some windows, of the value of five dollars, from a mill on the premises. The issue was as to the title. The original title of Daniel Whipple is the common source from which both parties claim their right.

The plaintiff introduced the following evidence relating to the title :

1. Deed from Daniel Whipple to N. Bundy, of right No. 49, in Newark, dated November 23d, 1865.

2. Deed from N. Bundy to Edward Perry of same land, dated 10th of January, 1866.

3. Levy in favor of *George Ide*, administrator of *William Ide*, v. *Daniel Whipple*, dated May 27th, 1864, made on an execution issued on a judgment in favor of *William Ide* v. *Daniel Whipple*, rendered June 1st, 1859.

Levy sets to the creditor $\frac{342}{500}$ of the land and saw mill, returned to town clerk's office for record June 7th, 1864, and to the office of subscribing justice on the 9th of June, 1864. Both records were referred to.

4. Deed. George Ide, administrator, to the plaintiff of same premises, dated October 9th, 1866.

The taking of said windows was with intention to return them, and no claim was made but it was entirely proper, provided the parties were tenants in common.

On the part of the defense it appeared that there were several levys upon this land. The defendant claimed, under a levy of one Ephraim Parks, and the plaintiff conceded, that it was the next attachment in order after E. W. Perry's attachment, and E. W. Perry's levy was made in due season. To fix the date of that levy a copy of the same was read in evidence, by which it appeared that that levy was completed August 17th, 1863.

The defendant then put in evidence:

1. The record of a judgment rendered June 30th, 1859, by Daniel Bowker, justice of the peace, on confession in favor of Ephraim Parks and Daniel Whipple. Damages two hundred and eight dollars and eighty-one cents; costs six dollars and seventy-two cents.

2. Certificate that said Daniel Bowker, justice of the peace, died January 25th, 1862, conceded to be correct.

3. Execution on said last named judgment, issued January 5th, 1864, by C. L. Dana, the county clerk, on which is a return of levy and set off of $\frac{305}{500}$ of said land, made and recorded in the town clerk's office January 13th, 1864, and within five months after Perry's levy, but not returned to the clerk of the county court until January 29th,

1864, which was after the expiration of said five months, though within the life of the execution.

4. Deed. Ephraim Parks to the defendant of same. land, dated January 1st, 1866.

The plaintiff in reply proved that Daniel Bowker was last elected a justice of the peace September, 1859, and that his last term of office expired November 30th, 1860. No questions were made on either side as to formality of the returns.

The plaintiff claimed that the defendant's levy was void because the execution was not seasonably issued ; that no *alias* having been issued none could be lawfully at the time this was, and that the clerk has no authority to issue an execution upon the judgment at the time he did, if ever.

The plaintiff also claimed that the defendant's levy was void because not returned within the five months to the clerk from which it issued.

It appears in the return of the defendant's levy, that is the levy *Parks* v. *Whipple*, that Daniel Whipple was present and chose appraisers, and the defendant claimed this was a waiver of any irregularity in the issuing of the execution, and that such irregularity would not avoid the levy, and that the officer had the whole life of the execution to return it to the clerk. The defendant also objected to the plaintiff's levy ( that is *Ide* v. *Whipple*,) because the return states only that the officer returned it to the town clerk, to be there recorded, and paid the clerk seventy-five cents to record it, and does not state that the town clerk actually did record it.

It was agreed that Ezra W. Perry conveyed the same land to A. J. Willard, the plaintiff, on the 10th day of January, 1866, and that Ephraim Parks conveyed the land covered by his levy to the defendant, Whipple, before the trespass complained of.

The deed, Nathan Bundy to E. W. Perry, was dated 29th December, 1865.

The court, without expression of opinion, rendered judgment, *pro forma*, for the plaintiff for five dollars damages and costs. Exceptions by the defendant.

*G. H. & G. W. Cahoon* and *T. P. Redfield*, for the defendant.

I. The plaintiff's objections to the defendant's levy are not well founded. 1st. The execution was properly issued by the clerk of the county court. Gen. Stat. p. 286, § 74. The *lien* and right to levy the execution was extended five months after Perry's levy. Gen. Stat. p. 303, § 94. The justice, after his office expired, had the right to issue execution, Gen. Stat. p. 284, § 62, " in the same manner *as if he remained in office.*" And we submit that the statute enables him to issue execution in any case where he might if in office. The statute having extended the lien it has also extended the means of making that *lien avoidable.* But the proceedings are to stand, unless the execution is set aside, and the debtor has waived all objections. *Catlin* v. *M. Bank*, 36 Vt. 2d. The levy being fully recorded in the town clerk's office within the five months, and returned to the clerk of the court within its life, renders the levy good and connects it with the attachment, and this is not inconsistent with *Ellison* v. *Willson et al.*, 36 Vt. 61.

The levy takes effect from the time it is recorded in the town clerk's office, and an attachment intervening before it is returned to the clerk of the court is unavailing. *Willard* v. *Sull*, 20 Vt. 376.

II. If there be mere technical informality the execution debtor by appraising and assenting to the appraisers has waived all objections. *Collins* v. *Merchants Bank*, 33 Vt. 572. Again, the levy is made good by the lapse of two years under the statute. *Perrin* v. *Reed*, 35, Vt. 2.

———— for the plaintiff.

Two questions arise in the case.

1. Can the clerk of the court issue an execution on a judgment rendered by a justice of the peace who has deceased, when the justice, if living, could not have issued one, and could not have done it at the time of his death.

The exceptions show that D. Bowker, the justice before whom the judgment was confessed, went out of office November 30th, 1860, and died January, 1862, living more than a year and a day after his term of office expired.

Willard *v.* Whipple.

Gen. Stat. p. 284, § 62, gives a justice of the peace power to issue execution for a year and a day after he goes out of office. D. Bowker, at the time of his death, had no power to issue an execution. Page 284, § 74, gives to the county clerk the same power to issue an execution that the parties would have while in office. Section 75 makes provision when a justice shall have died or been out of office how a judgment may be revived by *scire facias*. Taking the two sections together we think it very clear that the legislature only intended to give to the clerk authority to issue execution on such judgment as might be in force at the time of the death of the justice, and upon which he had authority to issue execution. See § 76.

*Scire facias* was the proper writ. *State Treasurer* v. *Foster*, 7 Vt. 52. The plaintiff's deeds to Whipple includes the entire lot, and if the execution of Parks is void, that ends the case.

2. Was the levy of Parks good as against Ide, not being completed and recorded within the five months in the clerk's office from which it issued?

By the return made upon both executions it appears that the levy made by Ide includes the same levied upon by Parks, and the papers show that the real estate was attached upon both. In order to hold by the lien, we think that the execution must be returned to the office from which it issued within the five months, and that point was fully settled in the case of *Ellison* v. *Willson et al.*, 36 Vt. 60 ; *Martin* v. *Edwin*, 19 Vt. 77.

The court decided that no title to real estate passes till the execution is recorded in the office from which it issued. *Willard* v. *Lull*, 20 Vt. 373 ; *Perrin* v. *Reed*, 33 Vt. 62 ; *Catlin* v. *Bank*, 36. Vt. The record in the town clerk's office can be made from a copy. *Skinner et al.* v. *Watson*, 4 Vt. 421.

The opinion of the court was delivered by

PECK, J. The plaintiff being in possession of the premises at the time of the commission of the alleged trespass, is entitled to recover unless the defendant shows title or right of entry in himself at the time of the trespass complained of. As both parties derive their title, whatever they have, from Daniel Whipple, this common source

of title must be taken to be good and valid. As the plaintiff has a right to stand on his possession till the defendant shows some title or right of entry, the plaintiff's title from Daniel Whipple is not material unless it is to enable him to avail himself of some objection to the defendant's title that a stranger, unconnected with the source of title, could not successfully urge. As the plaintiff's claim of title by deeds, commencing with a deed from Daniel Whipple of the entire premises, is subsequent to the levy against Daniel Whipple, upon an undivided portion of the premises, under which the defendant claims, it gives the plaintiff no right to recover if the defendant's title is good under this levy, as it, at most, leaves the parties tenants in common, which is sufficient to defeat the action. If the levy of Ide against Daniel Whipple, under which the plaintiff claims $\frac{342}{500}$ of the premises undivided, is good, the result is the same if the defendant's levy is good, as the plaintiff in that case also is tenant in common with the defendant. An objection is made by the defendant's counsel to this levy under which the plaintiff claims. The validity of this levy does not seem to be material to the decision of the case, yet, as the question has been argued, it may not be improper to dispose of it. The objection is that the officer does not state in his return that he caused the execution and levy to be recorded in the town clerk's office, but states that he left it " in the town clerk's office in said Newark, together with seventy-five cents for recording the same, to be recorded in the records of lands in said town." It is necessary to the validity of a levy upon real estate that the execution and return of the officer be actually recorded in the town clerk's office. The leaving it in the town clerk's office with the fees for recording is not sufficient. Nor are we prepared to say that this statement of the officer is sufficient proof that it was there recorded, and seasonably recorded. But it is no part of the duty of the officer making the levy to record the execution himself, nor is he responsible for the accuracy of the recording by the town clerk. It perhaps is more usual for the officer to state in his return that he caused the execution and his return of his doings to be recorded in the town clerk's office. But this statement is made upon the faith of the certificate of the town clerk that he has recorded it. The levy is referred to in the

exceptions, and upon it is a certificate of the town clerk that he recorded it on the 7th of June, 1864, the day the officer states in his return that he left it at the town clerk's office for record. This certificate of the town clerk, in connection with the return of the officer, is *prima facie* evidence that the execution and officer's return were properly and seasonably recorded in the town clerk's office, and is a sufficient compliance with the statute in this respect. It is not necessary to the validity of the levy that the officer making the levy should have superadded his statement in his return, that the levy was actually recorded, as the recording is not his act, but the official act of the town clerk.

The plaintiff's right to recover in this action depends on whether either of the objections taken to the levy of Park against Daniel Whipple, under which levy the defendant claims, is such as renders it invalid. This levy is upon $\frac{203}{500}$ of the premises undivided. It is objected that as the execution was dated and issued more than a year and a day after the date of the judgment, without any intermediate execution, the levy made by virtue of it is void. It appears that the premises were attached upon the writ in the suit upon which this execution issued, that one Perry had a prior attachment upon the premises, upon which he recovered judgment, and levied upon some portion of the premises in due season to hold by virtue of his attachment, and that the levy under which the defendant claims was made and recorded in the town clerk's office within five months after Perry's levy ; and afterwards, and within the life of the execution, returned to the proper office whence it issued, and has been there recorded. An execution issued more than a year and a day after the date of the judgment is not void for that cause, nor are the proceedings under it. The proceeding may be erroneous but not void. A levy thus made cannot be successfully attacked collaterally. It remains valid until set aside by some proceeding brought directly for that purpose. The error is one that the execution debtor may waive by some positive act on his part, or he may choose to acquiesce in the proceeding, and not avail himself of his right to set it aside. It is in this respect analogous to an error in the judgment under which a levy is made. The judgment debtor may deem it more for his

interest to allow such a levy, and to acquiesce in it, than to be sub-jected to the costs of a *scire facias* to revive the judgment; and it is just and reasonable that he should have this election. In this case, the fact that Daniel Whipple, the execution debtor, was present at the levying of the execution, and participated in choosing appraisers, unexplained, tends to show a waiver of this objection. This, how-ever, might perhaps be explained and its effect obviated in a pro-ceeding brought directly to set aside the execution. Whether this error is one that is cured by lapse of two years under the statute relating to informal levies we need not decide, as for the reasons already stated this objection to the levy cannot prevail.

Another objection urged to the defendant's levy is, that the county clerk had no power to issue the execution. It appears that the judgment was rendered by Daniel Bowker, justice of the peace, June 30th, 1859, and that his last term of office expired November 30th, 1860, and that he deceased January 25th, 1862, and that the county clerk issued the execution January 5th, 1864. Section 74, General Statutes, page 286, provides that, when any justice shall die or remove out of the county for which he was appointed, while a judg-ment by him rendered remains unsatisfied, the county clerk of the same county, on receiving the files in such case, and the record of the judgment, if such record were made, may issue execution in the same manner as the justice might do *if in office.* The judgment remaining unsatisfied, the justice might have issued an execution upon it at the time the clerk did, if he had been in office, and such execution would not have been void. The power of the clerk in this respect, according to the words of the statute, was coextensive with that which the justice would have had, had he still been in office. The power exercised by the clerk comes within the letter of the statute. But section 62 of the same chapter provides that when the term of office of any justice shall expire while a judgment rendered by him remains unsatisfied, he may, at any time within a year and a day after the expiration of his term of office, issue execution thereon, in the same manner as if he remained in office. It is insisted that, as a year and a day had elapsed after the date of the judgment and before the decease of the justice, and before this exe-

cution was issued, the justice's power to issue the execution under this section had expired before his death, and that the clerk had no greater power than the justice would have had at the date of the execution, had he been alive. Had the section giving the power to the county clerk been limited in terms to the same power that the justice who rendered the judgment would have, *if alive*, the construction contended for by the plaintiff's counsel might be correct. But the language, taken literally, gives the same power the justice would have " *if in office.*" Had the justice been in office he might have issued the execution. There is no such necessary connection between those two sections, as requires the express limitation of time contained in the section giving power to a justice when out of office, to be incorporated by implication into that giving power to the clerk in office. This provision of the statute enabling the clerk to issue executions on justice judgments is remedial, and ought to be liberally interpreted to cure the mischief obviously intended to be remedied, if the language will allow it. A construction which will embrace the case under consideration, is not only according to the language used, but it best comports with other provisions on this subject. Sections 71 and 72, of the same chapter, require that when a justice shall die, or move out of the county, his files and records shall be deposited with the county clerk. It is clear that under these provisions justice Bowker's files and records should have been deposited, on his death, with the county clerk ; and taking all these sections together, it is manifest that the intention was that when an execution issues, it should be issued by the officer who is the legal custodian of the files and records on which it is based. As an execution issued by the justice, " *if in office*," would not have been void, this execution issued after his death, by the clerk, is equally valid, and consequently this objection to the levy is not fatal. Another objection to this levy is, that although made and recorded in the town clerk's office, within five months after Perry's levy, and returned to the office from which the execution issued, within the life of the execution, it was not returned to the office from which it issued, within the five months. The levy is equally valid whether made and completed before or after the expiration of the five months. It was returned to the

Willard *v.* Whipple.

county clerk's office before the date of the execution debtor's deed to Bundy, under which the plaintiff claims title, so that in any view of this question the defendant's levy was prior to *this* title of the plaintiff. This question is only important in determining whether the defendant's levy was so far completed within the five months as to preserve the lien created by the attachment on the writ; and this only in view of the question as to which levy has priority, if the premises were attached on the writ in the Ide suit as seems to be conceded. If the Ide levy under which the plaintiff claims covered the entire premises, this question of priority would be important; but as each of the levies is upon only an undivided portion of the premises, the parties are tenants in common whichever levy is entitled to precedence. In an action of ejectment it would be material to decide which levy has precedence, as both taken together purport to set off more than the entire premises. In an action of ejectment or petition for partition, one of these levies must yield to the other as to this excess, and no further; but, in this action of trespass between tenants in common, it is not material in what proportions they hold. The question, which of these levies has precedence, can more properly be decided when an action is brought involving it. The question, therefore, whether in order to preserve a lien created by attachment on a writ, it is necessary that the execution and levy should be returned to the office from which it issued, within the five months, is not decided. The defendant's levy being valid, and the parties being tenants in common, the action cannot be maintained.

Judgment reversed, and judgment for the defendant.