WELLS, FARGO & CO. *v.* THOMAS R. ANTHONY.

ORDER DISCHARGING DEBTOR FROM IMPRISONMENT—HOW APPEALABLE.—An order for the discharge from imprisonment of a judgment debtor, made under the provisions of the "Act for the relief of persons imprisoned on civil process," (Stats. 1850, p. 40,) is a "special order made after final judgment," within the meaning of the three hundred and thirty-sixth section of the Practice Act, and an appeal therefrom cannot be taken after sixty days from the entry of the order.

IDEM.—Such order is none the less a "special order entered after final judgment," because it was made by the Judge of another Court, who is authorized by law to take jurisdiction of such proceedings. In such case the acts of the Judge in that behalf are only ancillary to the jurisdiction of the Court which rendered the judgment, and the order entered by him is as much an order in the original action as if it had been made by the Court or Judge which tried the cause.

APPEAL from the County Court of San Joaquin County.

The plaintiffs brought an action against the defendant, in the Fourth District Court, (subsequently transferred for trial to the Fifth District Court for San Joaquin County,) to recover the sum of thirty thousand dollars received by him as their agent at Stockton, and converted by him to his own use. Thereafter judgment passed for the plaintiffs for said demanded sum, and costs of suit. The Court further adjudged the defendant guilty of fraud in contracting the obligation on which said judgment was rendered, and that the plaintiffs were entitled to execution against the person of the defendant on the judgment. Thereafter an execution was issued on the judgment, directed to the Sheriff of San

Joaquin County, commanding him to arrest the person of Anthony, and commit him to the Jail of the county until he pay the judgment, with interest, or be discharged according to law; under which writ the Sheriff held the defendant in custody until the instituting of the proceeding for his discharge before the County Judge of San Joaquin County—the proceeding from the final order in which the plaintiffs took this appeal.

In this Court the respondent moved to dismiss the appeal. The other facts are stated in the opinion of the Court.

*John B. Hall*, for Appellants.

The order appealed from is not an order made by the District Court, or by the Judge of the District Court, in the case of *Wells, Fargo & Co.* v. *Thomas R. Anthony*, but it was made by the County Judge of San Joaquin County, based upon a petition, and all subsequent proceedings addressed to and in the name of the County Judge.

The proceeding was, in no sense, in aid of the jurisdiction of the District Court, like an injunction order, or any of the various acts which a County Judge is empowered to perform, collateral to the main purpose of a pending suit in that Court, such as orders for the appointment of a guardian; for service by publication; for arrest; for discharge of an attachment; for a sale of attached property; for the appearance and examination of an execution debtor; for taking testimony; the production of a party in custody as a witness, etc. (Civil Practice Act, Secs. 9, 30, 74, 97, 105, 111, 118, 138, 238, 239, 242, 355, 412, 430, 437, 438, 530, 654.) All these proceedings are in furtherance of the pending litigation in the District Court, or to carry its judgment into full effect; while to discharge from the execution the party held under it for payment of the debt, not only bears no resemblance to an auxiliary or ancillary proceeding, but is, in reality, hostile and adversary to the jurisdiction of the District Court from which the execution issued.

88

The proceeding was under the Act entitled "An Act for the relief of persons imprisoned on civil process," passed April 22d, 1850, (Laws 1850, Ch. 132,) and the amendatory Act approved March 21st, 1863, (Laws 1863, Ch. 83.)

The condition of facts which gives rise to an application under this statute is a "special case," and the procedure under it is specially directed to the purpose of procuring a judgment or order that the applicant be discharged from custody, and be exempt from future arrest—analogous to a discharge in insolvency.  (*People* v. *Rosborough*, 29 Cal. 415.)

*J. H. Budd*, for Respondent.


By the Court, CROCKETT, J. :

The motion to dismiss the appeal in this case must prevail. The appeal is from a final order entered by a County Judge, discharging the defendant from imprisonment, under the "Act for the relief of persons imprisoned on civil process," passed April 22d, 1850. (Stats. 1850, p. 407.)  The order was entered December 3d, 1867, and the notice of appeal was served and filed February 24th, 1868—more than sixty days after the entry of the order.

The plaintiffs maintain that it was an original "special proceeding," from which, under section three hundred and thirty-six of the Practice Act, an appeal would lie within twelve months after the entry of the final order; whereas, the defendant insists, first, that it is not an appealable order; and second, that if appealable, it is so on the ground that it is a "special order made after final judgment," and that, under section three hundred and thirty-six of the Practice Act, an appeal could not be taken after sixty days from the entry of the order.

The argument for the plaintiffs is, that the order in question is not a "special order made after final judgment," because it is not made by the same Court which tried the original action, or the Judge thereof, but by another Court

or Judge; and that in the proceeding the defendant in the original action becomes the actor, and the original plaintiff becomes a defendant *pro hac vice*.

We apprehend, if the proceeding to discharge the defendant had taken place before the Judge of the Court which rendered the original judgment, no one could have entertained a doubt that the order of discharge would in that event have been a "special order entered after final judgment" in the same cause. It would not have been an original "special proceeding" in the sense of the statute; but only a special order by the Court or Judge having jurisdiction of the action, entered after final judgment.

In our opinion, it is none the less a "special order entered after final judgment" because it was entered by the Judge of another Court, who is authorized by law to take jurisdiction of such proceedings. His acts in that behalf are only ancillary to the jurisdiction of the Court which rendered the judgment; and the order which he entered is as much an order in the original action as if it had been made by the Court or Judge which tried the cause.

In this view of the case, the appeal was not taken in time, and must be dismissed, and it is so ordered, and the remittitur directed to issue forthwith.