| 92 | 393 |
| 93 | 124 |
| 92 | 393 |
| 118 | 99 |

[No. 13698.   Department One. — December 17, 1891.]

# H. P. BUELL, APPELLANT, *v.* R. T. BUELL, RESPONDENT.

EXECUTION — MOTION TO RECALL — ATTORNEYS — SUBSTITUTION.— A motion to recall an execution is a new and original proceeding, in which the moving party may employ such attorneys as he may choose to conduct it; and the fact that the notice of the motion is signed by attorneys other than those who appeared for the judgment debtor in the original action, and that no substitution is shown, does not render the notice illegal.

ID.— STATEMENT OF GROUNDS OF MOTION.— Where an execution is issued without authority, a motion to recall it "for the reason that the said execution was wrongfully, unlawfully, and improperly issued," sufficiently states the grounds of the motion.

ID. — UNAUTHORIZED ISSUANCE — LAPSE OF FIVE YEARS.— The trial court has no authority or power to make an order for the issuance of a writ of execution upon a judgment for the recovery of money, after the lapse of five years from the entry of the judgment; and a writ issued after such time is void, and subject to be recalled by any proper proceeding instituted for that purpose.

ID.— WRIT OF INJUNCTION — SUSPENSION OF LIMITATION.— A writ of injunction restraining a judgment creditor from issuing an execution does not operate to suspend the running of the statute limiting the issuance of the writ of execution to the period of five years after the entry of the judgment.

ID.— SETTING ASIDE VOID APPEALABLE ORDER.— Where an order granting a writ of execution is void, the court has authority to set it aside, and the fact that the order granting the writ was appealable does not restrict an attack upon it to an appeal or writ of review.

APPEAL from an order of· the Superior Court of Monterey County recalling a writ of execution.

The facts are stated in the opinion.

*William H. Webb,* for Appellant.

The specification of grounds for the recall of the writ, in the notice of motion, was not a sufficient specification. The notice should have specified the grounds with particularity. (*Ellis* v. *Jones,* 6 How. Pr. 296, 297; *Broadway Bank* v. *Danforth,* 7 How. Pr. 264; *Hill* v. *Smith,* 2 How. Pr. 242.) A motion on the ground of irregularity must specify the irregularity complained of. (*Lewis* v. *Graham,* 16 Abb. Pr. 126; *McCoud* v. *Mayer,* 17 Abb. Pr. 35.) An execution may legally issue after the expiration of a year and a day at common law, or five years in this state, after rendition of the judgment. (1 Freeman on Execution, 2d ed., sec. 27.) The statute providing for the time in which an execution "may issue" is nothing more than a statute of repose. Such statute was intended for the protection of the defendant, and he might, by agreement with the plaintiff, waive his right to object to the issuance of the writ. (1 Freeman on Execution, 2d ed., sec. 27, and authorities cited.) The effect of a decree dissolving an injunction against the enforcement of an execution at law is to restore the execution creditor to the same position he occupied before the granting of the writ, and he may proceed to enforce his execution as if no injunction had been granted. (2 High on Injunctions, 2d ed., pp. 985, 986, sec. 1536, and authorities there cited.) The time when the injunction was in force should be excluded from computation. (*Mitchell* v. *Cue,* 2 Burr. 660; 2 Freeman on Execution, 2d ed., secs. 28, 29; *Underwood* v. *Green,* 56 N. Y. 247; *Hoyt* v. *Gelston,* 13 Johns. 139; *Wood* v. *Dwight,* 7 Johns. Ch. 295; *United States* v. *Harford,* 19 Johns. 173; *Coombs* v. *Jordan,* 3 Bland, 284; 22 Am. Dec. 236; 7 Wait's Actions and Defenses, 286; *Sands* v. *Campbell,* 31 N. Y. 345.) The respondent should have attacked the order granting the writ, either by appeal· or writ of *certiorari.* (*Cortez* v. *Superior Court,* 86 Cal. 274; 21 Am. St. Rep. 37.)

*S. F. Geil*, and *H. V. Morehouse*, for Respondent.

The execution was void, and in excess of the court's jurisdiction; and simply calling the attention of the court to its want of power to revive a lapsed execution was sufficient. (*Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44; *Cortez* v. *Superior Court*, 86 Cal. 274; 21 Am. St. Rep. 37.) That the execution was unlawfully or wrongfully or improperly issued cannot be doubted under the authorities. (*Solomon* v. *Maguire*, 29 Cal. 237; *Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44; *Cortez* v. *Superior Court*, 86 Cal. 274; 21 Am. St. Rep. 37; *Jacks* v. *Johnston*, 86 Cal. 384; 21 Am. St. Rep. 50.)

BELCHER, C. — This is an appeal from an order made by the superior court of Monterey County on the 11th of November, 1889, recalling a writ of execution, issued by its order on a money judgment rendered by the district court in and for that county on the 28th of February, 1877.

Notice of the motion was served on appellant's attorney in proper time, and it stated that respondent would move the court, at a time named, to recall the writ, " for the reason that the said execution was wrongfully and unlawfully and improperly issued "; and it further stated that the motion would be made on the record and papers on file, etc.

When the motion came on to be heard, appellant objected to the hearing upon the grounds, — 1. That no legal notice of the motion had ever been filed or served upon him or his attorney; and 2. That the notice failed to specify in what respect the execution was either wrongfully or unlawfully or improperly issued. The objections were overruled, and an exception reserved.

It was then shown that execution on the judgment was stayed by various orders of the court, made at the request of respondent, until January, 1878; that on the 17th of January, 1878, respondent commenced an action against appellant, in the district court in and for Santa Clara County, to obtain an injunction restraining appel-

lant from taking out an execution on, or enforcing the collection of, his said judgment; that an' injunction was issued as prayed for, and served on appellant, and that it remained in full force and effect until the 10th of September, 1885, when it was dissolved by the judgment and decree of the superior court of the county; that on the 30th of September, 1885, the appellant applied to the superior court of Monterey County for an order directing its clerk to issue an execution on his judgment, and that the order asked for was made, and in pursuance thereof an execution was issued and placed in the hands of the proper officer for levy and service, but subsequently returned wholly unsatisfied; that again, on the 16th of September, 1889, the appellant made application to the same court for an order directing the clerk thereof to issue an execution on his judgment, and "the said superior court, after a full hearing and consideration of the facts and matters appertaining thereto, duly gave, made, and caused to be filed and entered in said cause its order, in writing, directing and commanding the clerk of said court to issue a writ of execution," etc.; and that, in pursuance of this order, an execution was issued and placed in the hands of the sheriff of Santa Barbara County, with instructions from appellant's attorney to levy the same upon the property of respondent.

This last writ was recalled by the order of the court, and the appeal is from the order recalling it.

1. The appellant contends that the notice of the motion to recall was not legal, or such as he was entitled to, because it was signed by attorneys other than those who appeared for respondent in the original action, and no substitution was shown. We see nothing in this point. The motion was a new and original proceeding, as much so as would have been an action to review the order of the court directing the issue of the writ, and the respondent had full power to employ such attorneys as he might choose to conduct it. (*McDonald* v. *McConkey*, 54 Cal. 143.)

2. Appellant further contends that the motion was

insufficient, because it failed to specify the grounds of the notice with particularity. The respondent, on the other hand, claims that the order for the issuance of the writ was made by the court without authority, and in excess of its jurisdiction; that the writ was therefore void; that it could and should be recalled, even on an oral motion, upon its illegal issuance being shown.

Assuming respondent's theory to be correct, we think the notice was sufficient.

The question, then, is, Did the court have jurisdiction and authority to make the order for the issuance of the writ?

Section 681 of the Code of Civil Procedure provides: "The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement." And it has been held that when the judgment is for the recovery of money, execution can only be issued thereon within five years after its entry.

It is claimed by appellant that the time during which execution was stayed should be excluded from the computation of the five years. But this claim cannot be sustained, the contrary rule having been expressly declared by this court. (*Solomon* v. *Maguire*, 29 Cal. 237; *Cortez* v. *Superior Court*, 86 Cal. 278; 21 Am. St. Rep. 37.) In the last-named case, the court said: "The judgment, being one 'for the recovery of money,' . . . . could not be enforced by execution after the lapse of five years from the entry thereof. . . . . The order staying proceedings did not operate to suspend the running of the statute. (*Solomon* v. *Maguire*, 29 Cal. 237; *Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44.) The order under review was in excess of the jurisdiction of the court. The court had no power to enforce the same after the lapse of five years."

It is true that in that case the order was only a stay order, but we see no difference, in legal effect, between such an order and a writ of injunction commanding the same thing.

In view of the authorities, we think it must be held in this case that the court below had no authority or power to make the order for the issuance of the writ, and that the writ was therefore void, and subject to be recalled by any proper proceeding instituted for that purpose.

3. The last point made for a reversal is, that the order granting the writ was an appealable order, and could only be attacked by appeal therefrom or writ of review. But this is no longer an open question. The same point was made in *Dorland* v. *Hanson,* 81 Cal. 202, 15 Am. St. Rep. 44, and expressly overruled.

The order appealed from should be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.