[No. 14067.   Department One. —January 30, 1892.]

ALICE DORLAND, PLAINTIFF, AND J. M. WOOD, APPELLANT, *v.* JOSEPH SMITH, DEFENDANT, AND R. C. DE BOOM, RESPONDENT.

EXECUTION VOID AFTER FIVE YEARS — FORECLOSURE OF STREET ASSESS-MENT — RESTRAINT OF EXECUTION — POWER OF COURT — VOID SALE. — The trial court has no power to·order the issuing of an execution under a judgment foreclosing a lien for a street assessment after the expiration ·of five years from the entry of the judgment, even though the plaintiff has been restrained by an order of the court from executing the judg-ment; and an order for the issuance of execution after that time, an· execution thereunder, and a sheriff's sale under the execution, are void.

SETTING ASIDE VOID SALE — MOTION BY PURCHASER.— A purchaser from the defendant, who purchased after rendition of the judgment foreclos-ing the lien, and before the levying of an execution thereunder, has the right to move the court to vacate a void order for the issuance of execu-tion, and to set aside a void sheriff's sale thereunder, though not a party to the action.

ID. — EX PARTE ORDER — WAIVER BY JUDGMENT DEBTOR — RIGHTS OF VENDEE— VOID EXECUTION. — A judgment debtor who received no notice of·application for an order for the issuance of execution after five years cannot be presumed to have waived objection thereto by failure to complain of the order; nor can he waive the right of his ven-dee to object to a sale of his property under a void execution.

ID. — NOTICE OF MOTION — SERVICE — PURCHASE BY ATTORNEY — APPEAR-
ANCE — APPEAL. — Where the plaintiff's attorney became the purchaser
at a sale under a void execution, and was afterwards served with written
notice, addressed to the plaintiff and her attorney, of an application by
the vendee of the judgment debtor to set aside the execution and sale
thereunder, and appeared and resisted the motion on his own behalf, he
cannot object, upon appeal taken by himself only, that the order grant-
ing the motion was erroneous because no notice of the application for it
was served upon the plaintiff, with whom his relation as attorney had
ceased upon the sale of the property to himself, and payment of the
purchase-money by him, and that therefore notice to him was not notice
to the plaintiff.

APPEAL from an order of the Superior Court of the
city and county of San Francisco setting aside an exe-
cution and sheriff's sale thereunder.

The facts are stated in the opinion.

*J. C. Bates,* for Appellant.

Alice Dorland, the plaintiff, should have been served
with the notice of motion herein. The service upon the
purchaser at the sheriff's sale was not sufficient, although
he was plaintiff's attorney prior to such sale. (*Duncan
v. Brown,* 15 S. C. 415; Freeman on Executions, sec. 306.)
A case cannot be tried on affidavits. (*Fay v. Cobb,* 51
Cal. 315; *Greenbaum v. Turrill,* 57 Cal. 288.) The plain-
tiff or defendant or purchaser may move to vacate the
sale, but not the grantee of the defendant. (Freeman
on Executions, sec. 305; *Hitchcock v. Roney,* 17 Ill. 233;
*Frink v. Morrison,* 13 Abb. Pr. 84; *Shelton v. Fels,* Phill.
(N. C.) 178; 93 Am. Dec. 586; *Leonard v. Brewer,* 86 Ala.
391; *Ripley v. Arledge,* 94 N. C. 471; *Yeager v. Wright,*
112 Ind. 231; *Bryan v. Berry,* 8 Cal. 135; *San Francisco
v. Pixley,* 21 Cal. 59.) There is no excuse why notice
was not given before, and courts do not favor dilatory
action; and as the sale has stood unquestioned so long,
it is a " very strong presumption that he, defendant, ac-
quiesced in the sale." (Freeman on Executions, sec.
307; *Vigoureux v. Murphy,* 54 Cal. 352.) Mr. Smith, the
defendant, does not complain; and as he is not com-
plaining, it is fair to presume he waived the objection,
as he had a right to do. (*Shelton v. Fels,* Phill. (N. C.)

178; 93 Am. Dec. 586.)    Mr. Smith's successor has not the remedy that Mr. Smith had.    (Freeman on Executions, sec. 29; *Shelton* v. *Fels*, Phill. (N. C.) 178; 93 Am. Dec. 586; 6 Wait's Actions and Defenses, 731.)    The order of February 28, 1887, is here attacked collaterally, without any evidence whatever.    A defendant cannot restrain the enforcement of a judgment by injunction or otherwise, and reap the benefits of delay, and then take advantage of the same.    (*United States* v. *Hanford*, 19 Johns. 173; *Gibbes* v. *Mitchell*, 2 Bay, 120; *Porter* v. *Vaughn*, 24 Vt. 211; 6 Wait's Acts and Defenses, 731.) A court of equity can exercise its authority over decrees by motion, petition, or bill.    (*Coffey* v. *Coffey*, 16 Ill. 144.)    It will be presumed on this proceeding that the order of February 28, 1887, was regularly made.    (*Clark* v. *Sawyer*, 48 Cal. 139; *Keybers* v. *McComber*, 67 Cal. 396; *McAulay* v. *Truckee Ice Co.*, 79 Cal. 50; *Pardy* v. *Montgomery*, 77 Cal. 326.)

*Gordon & Young*, for Respondent.

The trial court had no jurisdiction to order the enforcement of the judgment after the expiration of five years from the date of its entry.    (Code Civ. Proc., sec. 681; *Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44.)    The order of sale or execution issued from the superior court on March 1, 1887, was absolutely void, as the court had no authority to order its issuance.    (*Dorland* v. *Hanson*, 81 Cal. 205; 15 Am. St. Rep. 44.)    A judgment which is absolutely void may be brushed aside at any time, and in any mode.    (*Carpenter* v. *Superior Court*, 75 Cal. 596, 598; *People* v. *Greene*, 74 Cal. 400; 5 Am. St. Rep. 448.)    The objection taken by appellant, that the plaintiff was not served with notice of motion to vacate, cannot be sustained, as it was served upon Wood, who was the attorney of record for the plaintiff, and it was not shown that he was ever relieved from his duties as such.    (*Carter* v. *Green M. G. M. Co.*, 83 Cal. 222, 225.)    The objection that the motion could not be made by the grantee of the defendant for the reason

that De Boom is a stranger to the record is not well taken, as such grantee could have been, on motion, substituted as defendant. (Code Civ. Proc., sec. 385; *People* v. *Mullan,* 65 Cal. 396.)

VANCLIEF, C. — This action was commenced May 13, 1879, in the late district court of the twenty-third judicial district for the city and county of San Francisco, to enforce the lien of a street assessment on a lot on Mission Street, then the property of the defendant. A decree enforcing the lien by sale of the lot was entered January 11, 1881.

On July 11, 1883, and before the issuing of an execution upon this decree, the defendant conveyed the lot to Romain C. De Boom.

On February 28, 1887, the superior court, on motion of plaintiff's attorney, without notice to De Boom or defendant, made an order directing that execution issue on the decree.

An execution (order of sale) was accordingly issued on March 1, 1887, and on March 26, 1887, the sheriff sold the lot at public auction to plaintiff's attorney, J. M. Wood, for the sum of $834.43, which was applied to the satisfaction of the assessment and costs.

On April 25, 1890, pursuant to previous notice served on J. M. Wood, Esq., De Boom moved the court to vacate and set aside the order of February 28, 1887, directing that execution issue, and also to set aside the sheriff's sale of the lot to J. M. Wood, on the grounds that the order was unauthorized and illegal for the reason that more than five years had elapsed between the date of the entry of the judgment and the date of the order, and that the execution and the sheriff's sale under it were unauthorized and void for the same reason.

This motion was granted. The order of February 28, 1887, was vacated, and the sheriff's sale to J. M. Wood was set aside.

From this order J. M. Wood alone brings this appeal upon the judgment roll, including a bill of exceptions.

The motion was heard upon the judgment roll, the order of sale and sheriff's return thereon, the papers on file in the case, and the affidavits of De Boom and J. M. Wood.

The order of February 28, 1887, does not appear in the record, and there is nothing tending to show the ground upon which it was made, except the affidavits of the parties, which state that it was made on the ground that plaintiff had been restrained from enforcing the decree from September 2, 1882, until January 6, 1886. But as to the fact of such restraint, the affidavits are contradictory, that of De Boom denying that plaintiff was restrained at all for any period of time, while that of appellant simply states that plaintiff was so restrained " by order of court," without specifying any particular order.

The affidavit of De Boom states that for nine years last past he resided in Napa County, and had no notice of the order of February 28, 1887, nor of the sheriff's sale to J. M. Wood, until within the last three weeks, and this is not denied.

The court had no power to make the order of February 28, 1887, directing the issuance of execution after the expiration of five years from the entry of the judgment, even though the plaintiff had been restrained by order of court from executing the judgment, as claimed by appellant. Therefore, the order, the execution, and the sheriff's sale under the execution were void. (*Dorland* v. *Hanson*, 81 Cal. 203; 15 Am. St. Rep. 44; *Buell* v. *Buell*, 92 Cal. 393; *Stout* v. *Macy*, 22 Cal. 647; *Bowers* v. *Crary*, 30 Cal. 622.) It follows that the court properly vacated the order of February 28, 1887, and set aside the unauthorized sale by the sheriff, upon motion of De Boom, the purchaser from the defendant of the property attempted to be sold. (*People* v. *Mullan*, 65 Cal. 396.)

It is contended for appellant, however, that as it does not appear that defendant has complained of the order of February 28, 1887, it must be presumed that he waived the right to complain of it, and that De Boom is bound by defendant's waiver.

In the first place, it appears by the uncontradicted affidavit of De Boom that defendant had no notice of the application for that order; and in the second place, it is not perceived that defendant could have waived the right of his vendee to object to a sale of his property under a *void execution.*

It is also claimed for appellant that the order appealed from is erroneous because no notice of the application for it was served upon the plaintiff.

A written notice of the application addressed to plaintiff and her attorney in the action (J. M. Wood) was duly served upon the latter, who claims, however, that his relation of attorney for the plaintiff in the action was severed by the sale of the property to himself and the payment of the purchase-money to the plaintiff, after which notice to him was not notice to the plaintiff. Perhaps this objection might have been taken by the plaintiff had she appealed from the order; but I think it is not available to the appellant, who had notice, and who appeared and resisted the motion. So far as the merits or demerits of the motion were concerned, the appellant was at liberty to oppose it on any ground which could have been urged by the plaintiff. The only ground upon which the motion rested was, that the order directing execution to issue was made more than five years after the entry of the judgment. Appellant was at liberty to show, if he could, that such was not the fact. But he did not dispute it, and the record which he has brought here shows that it was indisputable. It therefore appears that he was not injured by want of notice to plaintiff of the motion to vacate the order of February 28, 1887.

I think the order should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the order is affirmed.