MILLÍN v. ALDREY, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari.*

No. 64.—Decided May 24, 1910.

CERTIORARI—STAY OF EXECUTION OF JUDGMENT—EXPIRATION OF TERM FOR EXECUTION OF JUDGMENT—JURISDICTION OF THE SUPREME COURT IN APPEALS FROM MUNICIPAL COURTS.—A decision rendered by a district court, in a case proceeding from a municipal court, the amount of which is less than $300, and in which decision the legal term within which the judgment could have been executed had expired, is not appealable to the Supreme Court.

ID.—APPEALS FROM MUNICIPAL COURTS—ENTRY OF APPEAL IN THE DISTRICT COURT AFTER EXPIRATION OF TIME—DISCRETION OF THE COURT.—An appeal having been taken in due time from a municipal to a district court, and the papers likewise having been forwarded in due time to said district court, the appellant delayed for a few days the entry thereof in the books of the district court, and the respondent having requested the dismissal of the appeal, the appellant alleged under oath that the reason he had not appeared before was due to the fact that when the appeal was filed the municipal judge had informed him that he would not allow it, as his decision was not appealable, and about a week later the said municipal judge informed him that he would forward the documents to the district court, as he then thought that the 20 days the secretary had in which to forward the documents were to be counted from the latter date. The district court, exercising its discretion, considered the excuse offered by the appellant to be sufficient, and this court held that no abuse had been committed in the exercise of such discretional power.

LEGAL TERM FOR EXECUTING A JUDGMENT—STAY OF EXECUTION.—According to section 239. of the Code of Civil Procedure, the legal term for executing a judgment is five years, and the period during which execution has been stayed by order of a court cannot be excluded from the computation of said term.

DILIGENCE OF PARTIES LITIGANT—ASSERTION OF THEIR RIGHTS.—The parties must be diligent in the assertion of their rights, or otherwise suffer the consequences of their neglect.

The facts are stated in the opinion.

*Mr. Luis Freyre Barbosa* for petitioner.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an application for a writ of *certiorari* made by Victor Millín Taforo against the Judge of the First Section of the District Court of San Juan, for the purpose of correcting certain errors of procedure which the petitioner alleges to have been committed in the civil action instituted by Victor Millín Taforo against C. K. Wilson, for the recovery of a sum of money.

These civil proceedings were had in the municipal court of Bayamón, judgment having been rendered in favor of the plaintiff on February 12, 1903. On March 2 of the same year the execution of the judgment was requested. On October 16, 1903, an entry of the attachment levied on certain real estate, in connection with the execution, was made in the registry of property. And on December 10 of the same year the execution was stayed by order of the District Court of San Juan made in proceedings in intervention of ownership with relation to the estate attached, instituted by J. G. Wimmer.

This order to stay the execution was vacated by the District Court of San Juan on September 1, 1909, whereupon the plaintiff prayed the municipal court to order the continuation of the execution, which prayer the court granted. The defendant then filed a motion in the municipal court alleging that the execution of the judgment did not lie because it had already been "executed by operation of law, in accordance with the provisions of sections 239 and 243 of the Code of Civil Procedure in force." The court decided the case against the defendant, and the latter appealed to the district court which, on March 16, 1910, annulled the order appealed from, on the ground that the legal term within which the judgment could have been executed, had expired.

From this decision of the district court an ordinary appeal to this Supreme Court did not lie, an action from a municipal

court being involved, the amount of which was less than $300 (subdivision 2 of section 295 of the Code of Civil Procedure, as amended by the Act of March 9, 1905), and this extraordinary remedy of *certiorari* was resorted to. (See the case of the *American Railroad Co. of P. R.* v. *The Municipal Court of Ponce,* decided April 4, 1910.)

The petitioner alleges that the appeal was not perfected within the time granted by the law and that, therefore, the district court acted without jurisdiction.

The record shows that the decision appealed from was rendered on November 16, 1909, that the appeal was taken the following day, and that the documents were transmitted to the district court by the secretary of the municipal court within the term of 20 days fixed by the law, but were not entered on the books of the district court until December 13, 1909.

The plaintiff having moved for the dismissial of the appeal, the defendant alleged under oath that the reason he had not appeared before was due to the fact that when the appeal was filed the municipal judge had informed him that he would not allow it as his decision was not appealable, and about a week later the said municipal judge informed him that he would forward the documents to the district court and that he then thought that the 20 days, in which the secretary had to forward the documents, were to be counted from the latter date.

Both parties having been heard, the district court decided that the appeal should not be dismissed, and rendered the final judgment to which reference has been made.

Upon examining the facts and the law applicable thereto, the conclusion is reached that the district judge did not commit the error, which he is alleged to have committed, and had jurisdiction of this case.

The appeal was taken in due time and the documents were also forwarded to the district court in time; and with respect to the failure of the appellant, in delaying for a few days, the

entry thereof in the books of the district court, the judge be-
low, exercising his discretion, considered the excuse offered
by the appellant to be sufficient, and we do not see that he
took undue advantage of his discretional power in so doing.

The petitioner alleges, furthermore, that sections 239 and
243 of the Code of Civil Procedure have been erroneously ap-
plied by the district court. Said sections, which have been in
force in this Island since July 1, 1904—that is to say, more
than five years prior to October 6, 1909, when the writ of exe-
cution of the judgment was applied for—read as follows:

"Section 239.—The party in whose favor judgment is given may,
at any time within five years after the entry thereof, have a writ of
execution issued for its enforcement."

"Section 243.—In all cases other than for the recovery of money,
the judgment may be enforced or carried into execution after the
lapse of five years from the date of its entry, by leave of the court,
upon motion, or by judgment for that purpose, founded upon sup-
plemental proceedings."

Construing provisions of law essentially similar to the
foregoing, the Supreme Court of California, in the case of
*Buell* v. *Buell,* 92 Cal., 397, established the following doctrine:

"Section 681 of the Code of Civil Procedure provides: 'The party
in whose favor judgment is given may, at any time within five years
after the entry thereof, have a writ of execution issued for its enforce-
ment.' And it has been held that when the judgment is for the
recovery of money, execution can only be issued thereon within five
years after its entry.

"It is claimed by appellant that the time during which execution
was stayed should be excluded from the computation of the five years.
But this claim cannot be sustained, the contrary rule having been
expressly declared by this court. (*Solomon* v. *Maguire,* 29 Cal., 237;
*Cortez* v. *Superior Court,* 86 Cal., 278; 21 Am. St. Rep., 37.) In
the last-named case the court said: 'The judgment, being one "for
the recovery of money," * * * could not be enforced by execu-
tion after the lapse of five years from the entry thereof. * * *.
The order staying proceedings did not operate to suspend the running
of the statute. (*Solomon* v. *Maguire,* 29 Cal., 237; *Dorland* v. *Han-
son,* 81 Cal., 202; 15 Am. St. Rep., 44.) The order under review

was in excess of the jurisdiction of the court. The court had no power to enforce the same after the lapse of five years.'

"It is true that in that case the order was only a stay order, but we see no difference, in legal effect, between such an order and a writ of injunction commanding the same thing."

And this doctrine appears so much clearer when it is considered that in order to change it the Legislature of California was compelled to amend the law. Since July 1, 1901, section 681 of the Code of Procedure of said State reads as follows:

"The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement. If, after the entry of the judgment, the issuing of execution thereon is stayed or enjoined by any judgment or order of court, or by operation of law, the time during which it is so stayed or enjoined must be excluded from the computation of the five years within which the execution may issue."

Therefore, the district court did not commit the error alleged, but correctly construed the law applying the jurisprudence clearly established.

It appears to us proper to call attention in this case to the fact, that although the petitioner alleges that he could not apply for the execution of the judgment while it was suspended by order of the court, he says nothing with reference to the steps he took to obtain the termination of the action of intervention instituted in the year 1903 and terminated by a judgment of nonsuit six years later. The parties must be diligent in the assertion of their rights, and if they are not, they must suffer the consequences of their own conduct.

For the reasons stated, the application for a writ of *certiorari* should be denied, and the record received returned to the district court for proper action.

*Application Denied.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.