[Civ. No. 7684.  Second Appellate District, Division Two.—February 26, 1931.]

SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Arthur T. Stollmack for Petitioner.

Charles D. Swanner and W. W. Wallace for Respondents.

WORKS, P. J.—Respondent William J. Garner, administrator, commenced an action in respondent court against Mary Tipton, A. V. Tipton and others, petitioner not being a party thereto. The action was for claim and delivery and involved a certain automobile. Upon due demand respondent Traeger, who is a sheriff, took the car into his possession pursuant to the terms of section 511 of the Code of Civil Procedure, whereupon petitioner, acting under the provisions of section 514 of that code, executed an undertaking for the redelivery of the car to defendants Tipton and it was returned to them. A trial of the action was had and findings and judgment went for plaintiff, respondent Garner, administrator. The judgment ran against defendants Tipton and, while petitioner is not named either in the title of the cause at the head of the judgment or in the body thereof, the document orders, adjudges and decrees, as shown by the return to the writ of review heretofore issued by this court, that plaintiff do have and recover from defendants Tipton and from ''the sureties on the'' undertaking the possession of the automobile, certain sums of money and costs.

It is alleged in the petition for the writ of review that respondent court rendered judgment against petitioner, and the title of the cause appearing at the head of the judgment made part of the petition shows merely, as defendants, ''Mary Tipton et al.'' The allegation of the petition that respondent court rendered judgment against petitioner is, in legal effect, untrue. There is no such thing as a binding judgment against a nameless person, and it is of the very essence of things that he is nameless unless he be called by some appellation or cognomen on the face of the judgment itself. Whether authority upon this question may be found we do not know. A search for such authority is plainly unnecessary.

Strange to say, the state of the record in respondent court is first made known to us by the briefs in the present proceeding. The copy of the judgment set forth in the

return to the writ is no better than the copy attached to the petition for the writ. In the former, also, the defendants are shown to be "Mary Tipton et al."

The petition before us has a double purpose. Having disposed of the first branch of it we now take up a consideration of the second. The defendants Tipton appealed from the judgment rendered against them by respondent court. Petitioner executed an undertaking for the purpose of staying execution pending the appeal. The appeal was dismissed and, after the going down of the *remittitur,* respondent court rendered summary judgment against petitioner, by name, for a certain sum of money. It is sought by the present proceeding to have this judgment annulled.

This point turns on the question whether the undertaking was given pursuant to section 942 of the Code of Civil Procedure, relating to the stay of executions on money judgments, or under section 943 of the same code, relating to such stay on judgments requiring the delivery of personal property, or perhaps under some other section relating to stays of execution. This question is not easy of solution and we find it unnecessary to decide it. If the bond was given under section 942 the summary judgment rendered upon it was entirely proper. If it was given under any other section petitioner had a right of appeal from the judgment. In neither event can the writ of review properly issue.

The writ of review is discharged in so far as it relates to the alleged judgment on the bond given for the return of the personal property. The judgment on the undertaking to stay execution is affirmed.

Craig, J., and Thompson (Ira F.), J., concurred.