[S. F. No. 14965. In Bank.—January 24, 1934.]

A. F. ERICKSON, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Stanley Burke and W. H. Metson for Appellant.

Leo J. Rabinowitz and Ralph C. Curren for Respondents.

SHENK, J.—This is an appeal by the petitioner from a judgment of the superior court in a *certiorari* proceeding affirming an order of the municipal court denying a motion to quash an execution.

In October, 1931, a judgment for $1117.35 was rendered in the Municipal Court of the City of Los Angeles against the petitioner and in favor of one Shane. In March, 1932, Shane filed an abstract of said judgment in the office of the clerk of the Municipal Court in San Francisco, where the petitioner resided. Based upon said abstract an execution was issued by the clerk of the Municipal Court in San Francisco and a levy thereof was made upon an automobile owned by the petitioner. Thereupon the petitioner presented a formal motion to the Municipal Court in San Francisco to quash the writ of execution on the ground that said municipal court was without jurisdiction to issue said writ and that the same was void. The motion was denied. No appeal from that order to the superior court was taken or attempted. The petitioner applied to the superior court for a writ of review, which was granted. Upon a return to the writ the order of the municipal court was affirmed. Hence this appeal.

In his opening brief the petitioner-appellant states as the legal questions involved: ''Did the municipal court of San Francisco have any jurisdiction whatsoever in the cause; and, secondly, was its jurisdiction properly invoked and exercised?''

Following the question propounded there is much discussion upon the question of the jurisdiction of the municipal court with reference to issuance and enforcement of an execution on a judgment rendered in another county. Considerable confusion has resulted because of the failure to distinguish the question of jurisdiction of the municipal court to entertain and pass upon the motion to quash and the power of the clerk of the municipal court to issue the execution. This appeal involves the former question, namely, Had the municipal court jurisdiction to entertain the motion to quash and dispose of the same? We conclude that it had for two reasons:

First, the respondent Municipal Court, as a court, took no part in and had nothing to do with the issuance of said writ of execution. The writ was issued by the clerk of the court, without an order of court directing the same to issue, and the same was issued by the clerk in the exercise of a ministerial function. (*Santini* v. *Justice's Court*, 218 Cal. 671 [24 Pac. (2d) 761]; *Adams* v. *Bell, ante*, p. 503 [27 Pac. (2d) 757].) ▇ The municipal court has the general and inherent power to control its process and to correct on a motion to quash any errors or unauthorized acts of its ministerial officers. This power does not depend on statutory enactments and a motion to quash is the proper remedy as well when the process is void as when it is merely voidable. (23 Cor. Jur., p. 535, and cases there cited.) ▇ The respondent court had jurisdiction of the subject matter of the motion and of the parties to the same. In fact the petitioner himself invoked the power of the court to pass upon the validity of the issuance of the execution. If his motion to quash had been granted he would have obtained the relief which he sought. The action of the court in granting or denying the motion could have been attacked by an appeal to the superior court, a question which will be later discussed. The court had the power to pass upon the motion, whether its decision was correct or erroneous. The decision of this court in *Matter of Hughes*, 159 Cal. 360 [113 Pac. 684], with reference to the power of the court in *certiorari* is here applicable. On page 363 it is said: "The Supreme Court has jurisdiction in *certiorari* to review a judgment of the superior court only in a case where that court has exceeded its jurisdiction (Code Civ. Proc., sec. 1068), and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of jurisdiction . . . (Code Civ. Proc., sec. 1074). If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide. No matter how erroneous that decision may be, even on the face of the record, we have no power to change, annul, or reverse it in this proceeding, if that court had jurisdiction to act in the matter before it. This has been repeatedly stated in

former decisions of this court." (See, also, 4 Cal. Jur., Certiorari, p. 1022 et seq.) The present case is not one wherein the court has without authority in law assumed jurisdiction to order the issuance of an execution. In such a case the court would be without jurisdiction of the subject matter and *certiorari* would lie. (*Buell* v. *Buell,* 92 Cal. 393 [28 Pac. 443].) Here the respondent court had jurisdiction of the subject matter and of the parties, and the superior court properly affirmed the order for that reason.

Secondly, *certiorari* is not the proper remedy when the aggrieved party has a remedy by appeal, even though the inferior tribunal was without jurisdiction to make the order. (Code Civ. Proc., sec. 1068; *Helbush* v. *Superior Court,* 99 Cal. App. 501 [278 Pac. 1062].) In other words, *certiorari* cannot be made a substitute for an appeal. (*Seaboard Surety Corp.* v. *Superior Court,* 112 Cal. App. 248 [296 Pac. 633]; *Los Angeles Surety Co., Inc.,* v. *Municipal Court,* 111 Cal. App. 133 [295 Pac. 591]; 4 Cal. Jur., p. 1037, and cases there cited.) This rule has been subjected to certain exceptions (see *Grinbaum* v. *Superior Court,* 192 Cal. 528 [221 Pac. 635]), but the present case does not fall within the ruling in that case nor within any other exception known to us or pointed out by counsel. The remedy by appeal to the superior court was available · to the petitioner herein as an appeal from a special order made after final judgment as provided in section 983 of the Code of Civil Procedure. In order that said section in this respect be applicable it was not necessary that the court which rendered the judgment be the same court that made the order. (*Wells Fargo & Co.* v. *Anthony,* 35 Cal. 696.) The superior court would have had jurisdiction on an appeal from the order of the respondent court complained of, and even if the superior court on such appeal had decided erroneously, *certiorari* would not lie. (*Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053].) For this additional reason the ruling of the superior court herein was legally justified.

From what has been said it follows that we may not, on this appeal, properly pass upon the question of the power of the clerk of the municipal court to issue an execution on said abstract of judgment. A determination thereof

one way or the other could not affect the result of this appeal.

The judgment is affirmed.

Seawell, J., Thompson, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

PRESTON, J., Dissenting.—I dissent.

The majority opinion takes a constricted view of the sole question involved and bases its conclusion upon a ground not urged by either side of the litigation. Both sides concede that the basic question raised was whether or not the Municipal Court of the City and County of San Francisco had jurisdiction to issue a writ of execution on an abstract of judgment, and the judgment-roll supporting it, coming from another jurisdiction. The writ of review issued by the superior court to the Municipal Court of the City and County of San Francisco expressly reaches the proceeding had in the Municipal Court of the City and County of San Francisco resulting in the issuance and levy of an execution on this judgment. The majority opinion bases its conclusion upon the assumed fact that the Municipal Court of the City and County of San Francisco issued the execution in question without an order of the court itself. Respondent does not claim that an order of court was necessary or was absent. Coming from another jurisdiction, the execution could have been properly issued only upon an order of the court and it must be presumed that such an order was made. Moreover, this question is set at rest by the fact that the municipal court did ratify the action of the clerk by making its order refusing to recall and quash the said execution. The case of *Adams* v. *Bell, ante,* p. 503 [27 Pac. (2d) 757], cited in the opinion, is itself authority for the necessity of such an order. The issuance and levy of the execution thus became the result of a judicial proceeding.

The question of the jurisdiction of the Municipal Court of San Francisco to issue this execution is therefore fairly presented and if jurisdiction be wanting, the proceeding may be reviewed on *certiorari*. (*Buell* v. *Buell,* 92 Cal. 393 [28 Pac. 443].) Taking said narrow view of the legal question presented is calculated to provoke additional criticism of our courts. The holding in *Santini* v. *Justice's*

*Court,* 218 Cal. 671 [24 Pac. (2d) 761], that the issuance of an execution on one of the court's own judgments by the clerk thereof, was a ministerial act, does not apply in the situation here presented. The judgment here is from a foreign jurisdiction and could not lawfully be set up in another court only by a proper order of said court. Besides, in certain instances an order of court is required for the issuance of an execution upon the court's own judgments. (See sec. 685, Code Civ. Proc.; *Creditors' Adjustment Co.* v. *Newman,* 185 Cal. 509 [197 Pac. 334].) The authorities cited in the main opinion to the effect that *certiorari* is not the proper remedy when an aggrieved party has a remedy by appeal, are likewise not applicable to the situation here presented. Neither is the case of *Wells Fargo & Co.* v. *Anthony,* 35 Cal. 696, in anywise helpful to the solution of the problem here confronting us. If the municipal court was wanting in jurisdiction, it is a proper use of the writ of *certiorari* to have this fact declared. Property has been seized under this execution and the action of this court in basing its conclusion upon the ground stated will sanction what may be the illegal seizure and sale of property.

I think that the question of jurisdiction should be fairly met and decided.

Rehearing denied.

Preston, J., dissented.