Per Curiam.

Where a judgment is above ten years’ standing, the plaintiff must apply to the court, for leave to issue a scire facias, supported by an affidavit, that the judgment remains unsatisfied. (2 Salk. 598. Hardisty v. Burney.) If the judgment be of more than twenty years’ standing, the plaintiff must give notice of the motion, with a copy of the affidavit, to the defendant, or move for a *rule to show cause, why a scire facias should not issue. In the latter case, the court would have a discretion over the question, to deny the motion, or not; but where the judgment is less than twenty years old, they have no power to refuse the application. We have no settled rule of practice, different from that of the King’s Bench in England, and, therefore, adopt it. (2 Tidd’s Practice, 982. 1000. 1007.) Though we may regret the consequences of this decision, yet we must be bound by the established rules of law.
Motion granted, (a)

 Before the statute of Westminster 2d, 13 Edw. I. e. 45. if the plaintiff in a personal action had, after obtaining judgment, lain quiet for a year, he was put to a new action on the judgment. This statute was re-enacted by the legislature. (Sess. 10. ch. 50. s. 34. 12th March, 1787, 1 N. R. L. 79. 2 Revised Statutes, 576. § 1.) In Coysgame v. Fly, (2 Bl. Rep. 995.) it is said that the Court of King’s Bench, on a judgment of twenty years old, gave leave (according to a precedent said to have been settled nine years before) to an administrator of the plaintiff, to sue out a scire facias to revive the same ; but that no execution should be taken out, until either the sheriff made an actual return of scire feci, or an affidavit was made and filed, of personal notice on the defendant, of suing out the scire facias. Leave was given, in Bagnall v. Gray, to take out a scire facias on a judgment of ten years’ standing, but, according to a precedent settled 6 Geo. III. in Yarker v. Reyneldson, no execution was to *95 issue unless on a retara of scire feci, or on affidavit of personal notice to the defendant. (2 Bl. Rep. 1141.)