## BRYAN *et al.* v. STIDGER.

No notice to the opposite party is required on an application for execution on a judgment more than five years old, under the two hundred and fourteenth section of the Practice Act.

APPEAL from the Tenth District.

Plaintiffs having obtained judgment against defendants, in 1852, applied *ex parte*, in 1860, to the Court for an execution, which was granted. Defendant appeals from the order granting plaintiffs leave to issue execution.

*McConnell & Garber*, for Appellant, cited Practice Act, sec. 214; Angell on Lim. 113, sec. 93 ; 1 Durnf. & E. 271 ; Coke on Litt. folio 290, (*b*) 291 (*a*) ; 2 Duer's Pr. 51–72; 1 Burrill's Pr. 324, 327 ; 1 Whittaker's Pr. 167 ; 1 Tidd's Pr. 438; 13 How. Pr. R. 572; 3 Code R. 55 ; 4 Abbott, 133 ; *Patten* v. *Green*, 13 Cal. 325 ; Littleton's Tenures, sec. 505 ; Coke on Litt. as above.; 2 Sacheld, 600; Lord Raymond, 669 ; 8 Bac. Abr. 600 ; Title Scire Facias; 3 Blackf. 109 ; 1 Scam. 232; 1 Blackf. 299 ; 1 Term R. 268 ; 2 Id. 46 ; 2 W. Blac. 1227 ; 8 Bac. Abr. 598 and cases cited; 5 Serg. & R. 68.

*R. S. Mesick*, for Respondents.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The only question in this case is, whether notice be necessary before an order can be made under the two hundred and fourteenth section of the Practice Act. That section provides for the issuance of an execution in cases of judgment rendered more than five years before the application. We think that no notice is necessary in such cases. The statute does not require it in terms; and the fact that the Act of 1850 required notice, and this provision now in force omits this requirement, is significant to show that the Legislature did not design to continue it. It would subserve no useful purpose to require notice, for if the execution issues irregularly, or if the defendant has a good defense, or any cause to show against the enforcement of the process, he has a plain and speedy remedy. Besides, the requirement might frequently lead to great inconvenience and delay, as in case of nonresident debtors, and not unfrequently hazard the collection of the whole debt. But it is sufficient to say that the act does not, in terms, require notice, and this is not one of those proceedings from which notice is implied as a prerequisite.

Order affirmed.