Lentz *v.* Victor.

---

## LENTZ *et al. v.* VICTOR *et als.*

WHERE a miner enters upon land in the possession of another, claiming the right to enter for mining purposes, he must justify his entry by showing: 1st, that the land is public land; 2d, that it contains mines or minerals; 3d, that he enters for the *bona fide* purpose of mining. And such justification must be affirmatively pleaded in the answer, with all the requisite averments to show a right under the statute, or by law, to enter.

A party in possession of public mineral land is entitled to hold it as against all the world—the Government excepted, if the land belong to it—subject only to the qualification that, upon land taken up for other than mining purposes, a right of entry for such purposes may attach.

Whether in this case, even if the defense of justification as a miner, etc., had been properly set up, defendant would have been entitled to enter, not decided.

APPEAL from the Fifth District.

Ejectment. The complaint, verified, avers that in May, 1860,

Lentz *v.* Victor.

one Grassini was, and for about three years prior thereto had been the owner and in possession of a certain inclosed piece or parcel of land containing about four hundred feet square; that on that day Grassini sold to plaintiffs and others, whose interest plaintiffs subsequently purchased—the deraignment of title being set out; and that plaintiffs have ever since been and now are the lawful owners and entitled to possession of the land. Then follow the usual averments of entry and ouster.

The answer, verified, first denies generally each and every allegation in the complaint, and then denies that "plaintiffs are now or at the time mentioned in the complaint were the lawful owners and entitled, as against defendants, to the possession of the property therein described," and that defendants at any time "wrongfully and unlawfully entered upon and took possession," etc., and evicted plaintiffs, etc.

On the trial it was proven that in 1850 Smith and wife were living upon and owned a certain ranch, and that in 1858 they conveyed by deed to Grassini—plaintiffs' grantor—the land being described in the deed as "Smith's Milk Ranch on and near Knickerbocker Flat, inclosed with a fence and a part now under cultivation;" that Grassini took possession under said deed; that the property was fenced in and had a house, cow stable, corral and garden upon it; that the cow stable and corral were used solely for the purpose of herding Grassini's cows, and were likewise inclosed by a fence inside the ranch; that the corral was one hundred feet square, and the cow stable one hundred feet long by twenty-two wide; that on the fourteenth May, 1860, Grassini conveyed by deed to plaintiffs the ground in question.

Grassini testified that he sold the land to the plaintiffs for mining purposes, and that at the time they entered he had removed his improvements according to the agreement in his deed to them. There is no evidence showing the land to be public land.

The defense was that defendants claimed to have located a mining claim on the ground covered by the cow stable and corral, on the eleventh of October, 1858, and that defendants did not attempt to work the ground till the improvements were removed.

The view taken of the case by this Court renders further facts unnecessary.

Lentz *v.* Victor.

Verdict for defendants.    Plaintiffs appeal.

*H. P. Barber,* for Appellants.

I.   The proposed defense was irrelevant under the pleadings.

Defendants' evidence shows an alleged location of a mining claim October 11th, 1858.

The complaint shows : " That on the seventh May, 1860, and for about three years prior thereto, Grassini, the plaintiffs' grantor, had been the owner and in possession of the ground in question, the same being inclosed."

The answer does not deny this, but merely denies " that plaintiffs now are or at the time mentioned, etc., were the lawful owners, etc."

But the ownership and legal title of the plaintiffs follows, as a conclusion of law, from the admitted ownership of their grantor and the transfer by deed from him ; therefore, the denial that plaintiffs were the owners, etc., under these pleadings, is the mere denial of a conclusion of law apparent on the record. (12 Cal. 534.)

The complaint is a verified one, and the answer must contain a statement " of any new matter constituting a defense."    (Pr. Act, sec. 46.)

Now, the answer admits, by nondenial, the title and possession of plaintiffs' grantor, and the transfer by deed to plaintiffs.

The evidence given in defense is new matter, to wit: an avoidance of that title by showing that defendants had located a mining claim upon this ground, and therefore should have been pleaded, and not being pleaded is inadmissible, and a matter dehors the record.    (*Piercey* v. *Sabin,* 10 Cal. 22 ; *Terry* v. *Sickle,* 13 Cal. 427 ; *Dye* v. *Dye,* 11 Cal. 163 ; *Edmond* v. *Chew,* 15 Id. 137.)

II.   Even had the defense been admissible under the pleadings, it was necessary for the defense to establish these propositions to entitle them to locate a mining claim on the land in question :

1. That it was public land.

2. That it was used for agricultural or grazing purposes.

3. That it contained mines of some of the precious metals.

The answer admits that plaintiffs' grantor was the owner of this nd, and that he transferred that ownership to plaintiffs ; and not one word is found in the evidence showing the land to have been

public land, or that it was used for agricultural or grazing purposes, or that it contained mines of any of the precious metals.

*E. F. Hunter*, for Respondents.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The judgment in this case must be reversed.

We understand the pleadings to admit that the plaintiff was the owner of the premises, for the answer does not deny the specific allegations of the complaint which set up and affirm the plaintiff's title.

If the plaintiff had, as he alleges, the possession of this lot of ground as a milk ranch and corral, he was entitled to hold that possession as against all the world, the Government excepted, (if the land belonged to it) subject only to this qualification—that upon land taken up for other than mining purposes, a right of entry may attach for such purposes.   But any one so entering can only justify his entry by showing, at least, first, that the land is public land; second, that it contains mines or minerals; third, that the person entering upon or against a prior possession, enters for the *bona fide* purpose of mining.   But this being in the nature of a justification of the entry as against an apparent and *prima facie* right of the actual prior possessor, must be affirmatively pleaded in the answer, with all the requisite averments to show a right under the statute, or by law to enter.   This defense does not appear in the answer, or even by the proofs.

We do not decide in this case, even if this defense had been properly set up, that the defendant would have been entitled to enter.

Judgment reversed and cause remanded for further proceedings.