[L. A. No. 579. Department One.—May 31, 1898.]

SAM WHEELER, Appellant, v. HORACE A. ELDRED et al., Respondents.

FORECLOSURE OF MORTGAGE — ENFORCEMENT OF JUDGMENT AFTER FIVE YEARS—CONSTRUCTION OF CODE—DISCRETION.—Section 685 of the Code of Civil Procedure, as amended in 1895, which provides that "in all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court upon motion, or by judgment for that purpose founded upon supplemental pleadings," etc., does not impose an absolute duty upon the court to allow execution after the lapse of five years, but is permissive and vests the court with discretionary power to grant or refuse the application therefor; and its refusal to allow the enforcement of a decree for the sale of mortgaged premises after the lapse of five years, no sale having been previously made, will be affirmed upon appeal where no abuse of discretion appears in the record.

APPEAL from an order of the Superior Court of Sonoma County refusing to direct execution of a judgment. R. F. Crawford, Judge.

The facts are stated in the opinion.

Henley & Costello, for Appellant.

J. A. Cooper, and J. H. Seawell, for Respondent H. A. Eldred.

BRITT, C.—In this action a judgment of foreclosure, directing the sale of certain mortgaged lands, was entered in favor of the plaintiff on April 23, 1890. The period of five years allowed by statute for issuing process as of course on the judgment having expired, and no sale having been made, the plaintiff noticed a motion in January, 1896, for leave to carry the judgment into execution pursuant to section 685 of the Code of Civil Procedure. It is provided in said section, as amended in the year 1895, that: "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose founded upon supplemental pleadings," etc. The court denied the motion.

Several interesting questions are raised in argument touching the effect, and even the validity, of said amended section of the code; only one of them need be now examined. Plaintiff does not contend that the denial of his motion was, in view of the evidence before the court at the hearing, an abuse of power, if the court can exercise discretion in such cases; but he claims that under the statute the court had no discretion to refuse his application. This position cannot be maintained. By statute in New York, "After the lapse of five years from the entry of a final judgment, execution can be issued thereupon, . . . . 2. Where an order is made by the court granting leave to issue the execution" (N. Y. Code Civ. Proc., sec. 1377); and it is there held by the court of appeals that the effect of this provision, in a case within its terms, is to render the allowance of a writ of possession on a judgment for the recovery of lands a matter "resting wholly in the discretion of the court." (*Van Renssalaer v. Wright*, 121 N. Y. 626. See *Bank of New York v. Eden*, 17 Johns. 105, which asserts discretion in the court whether it would allow a *scire facias* on a judgment of more than twenty years' standing; also, as to the discretionary power of a court of equity to refuse, upon circumstances, to carry a former decree into exe-

cution when by reason of neglect to enforce the same, or for other cause, it becomes necessary to file a bill for that purpose, see *Attorney General v. Day*, 1 Ves. Sr. 218; *Lawrence Mfg. Co. v. Janesville. etc. Mills*, 138 U. S. 552.) Aside from authority, it seems to us manifestly politic, at least in actions where title to real property is involved, that the court should not be bound to allow the enforcement of the judgment after lapse of five years; otherwise the judgment becomes a perpetual encumbrance by mere neglect of the owner thereof to execute it    We think therefore that the provision of said section 685 that "the judgment may be enforced by leave of the court," is permissive as regards the power given to the court in actions like the present, and that the court must determine in the exercise of a sound discretion, whether the dormant judgment shall be enforced. The order appealed from should be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Garoutte, J., Van Fleet, J., Harrison, J.

Hearing in Bank denied.