[S. F. No. 2088.  Department Two.—July 11, 1902.]

## SAM WHEELER, Appellant, v. HORACE A. ELDRED et al., Respondents.

EXECUTION—LAPSE OF FIVE YEARS—ORDER DENYING MOTION—DISCRETION—APPEAL.—It is within the discretion of the court to grant or deny a motion for leave to issue an execution upon a judgment after the lapse of five years from the date of its entry; and its order denying the motion will not be disturbed upon appeal, where no abuse of discretion appears.

ID.—FINAL DECISION UPON FORMER MOTION — RES ADJUDICATA.— A decision upon a former motion denying leave to issue execution upon the same judgment, which became final by affirmance upon appeal, is *res adjudicata*, and is a bar to a second motion, upon which no facts or rights are set up which did not exist at the date of the former motion.

APPEAL from an order of the Superior Court of Sonoma County denying leave to issue execution. A. G. Burnett, Judge.

The facts are stated in the opinion of the court.

Henley & Costello, for Appellant.

J. A. Cooper, and J. H. Seawell, for Respondents.

McFARLAND, J.—This is an appeal by plaintiff from an order of the superior court denying his motion for an order, under section 685 of the Code of Civil Procedure, directing execution to issue on a judgment of foreclosure which had been entered more than five years before the date of the motion. The judgment was rendered April 23, 1890, and the motion was made July 15, 1898,—more than eight years afterwards.

The order must be affirmed upon both of the grounds taken by respondents.

1. The granting of a motion for execution upon a judgment "after the lapse of five years from the date of its entry, by leave of court," under the said section of the code, is a matter within the discretion of the court (*Wheeler* v. *Eldred*, 121 Cal. 28[1]); and in the case at bar it does not appear that the court in denying the motion abused its discretion.

2. The matter involved here is *res adjudicata,* and the application is barred by the judgment of the court on a previous similar motion made by appellant on January 4, 1896. That motion was denied, and on an appeal by appellant from the order denying the motion to this court the said order was by this court, on May 21, 1898, affirmed. (*Wheeler* v. *Eldred*, 121 Cal. 28.[1]) In the present proceeding no facts or right not existing at the time of the former motion are alleged. On the former motion appellant contended that the court had no discretion in the matter, and that he had the absolute right to an order directing the issuance of the execution. It is also contended by appellant that because on the first motion appellant did not aver that the judgment remained unsatisfied in whole or in part, while he does so aver on the second motion, therefore the former judgment is not a bar; in other words, that the point involved was not adjudicated on the first motion because appellant did not then aver all that he should and could have averred. Under that view, after an adverse judgment, there would be no end to the number of suits which might be maintained on the cause of action already adjudicated. On the former motion the question to be adjudicated was whether appellant was entitled to an order for a writ of execution to issue; and that is the precise question involved in the case at bar. No facts not existing at the time of the

[1] 66 Am. St. Rep. 20.

former adjudication are averred. The contention of appellant is no stronger than would be the contention of a party that he ought to be allowed to maintain a second suit after judgment had been rendered against him in a former suit on the same cause of action, because on the trial of the first action he had not properly argued his case.

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.