[Sac. No. 1270.   In Bank.—December 3, 1904.]

## D. W. HARRIER, Respondent, v. H. A. BASSFORD, Executor, etc., et al., Defendants; IDA C. BASSFORD and J. M. BASSFORD, Appellants.

EXECUTION—ISSUANCE UPON JUDGMENT AFTER FIVE YEARS—EX PARTE MOTION.—Under section 685 of the Code of Civil Procedure, as amended in 1895, the court may, upon *ex parte* motion of the judgment creditor, authorize the issuance of execution upon a judgment rendered since the passage of the amendment, notwithstanding the lapse of five years from the date of the judgment.

ID.—RUNNING OF STATUTE UPON JUDGMENT.—A judgment, as a cause of action, does not become final until the lapse of six months from the date of its entry, and it cannot be barred by limitation until the period of five years and six months after its entry.

ID.—CONSTITUTIONAL LAW—POWER OF LEGISLATURE—ABSENCE OF NOTICE—DUE PROCESS OF LAW.—The legislature has power under the constitution to permit the issuance of an execution upon motion of the judgment creditor without notice to the defendant. Such notice is not necessary to constitute due process of law, which is sufficiently obtained by service of the summons in the original action.

ID.—JUDGMENT UPON JOINT NOTE—SURETYSHIP—RELEASE OF PRINCIPAL DEBTOR—KNOWLEDGE OF OBLIGEE.—Where, so far as appears as to the obligee, a note is a joint obligation, the judgment rendered thereon must bear the same character, and a release of one of them does not operate to extinguish the liability of the other. But conceding, without deciding, that after judgment upon such a note it may be shown that one of the joint makers was in fact surety for another, such showing cannot avail where it is not shown that the obligee was aware of the relations between the debtors.

CXLV. Cal.—34

ID.—APPRAISEMENT OF HOMESTEAD — FILLING VACANCY IN BOARD · OF APPRAISERS—NOTICE.—Where the appraisers appointed to appraise the homestead, a portion of which was subject to execution, were properly appointed upon due service of notice, and the absence of one of the qualified appraisers from the county created a vacancy, the court had authority to fill the vacancy with a qualified appointee without further notice.

APPEAL from orders of the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

E. E. McFarland, Raleigh Barcar, and William M. Sims, for Appellants.

John M. Gregory, L. G. Harrier, and T. T. C. Gregory, for Respondent.

SHAW, J.—The defendant Ida C. Bassford appeals from an order of the superior court giving leave to issue an execution on a deficiency judgment entered against her in the action, also from an order denying her motion to set aside the first-mentioned order, and the proceedings taken thereunder, also from an order approving the report of the appraisers appointed to appraise her homestead in proceedings, in accordance with the Civil Code, to sell the same, on the execution, and from an order confirming the report of said appraisers setting apart such homestead.

On July 5, 1898, the plaintiff recovered a judgment of foreclosure against certain defendants, including the appellant Ida C. Bassford. The judgment provided that if the proceeds of the sale should not be sufficient to satisfy the judgment a deficiency judgment should thereupon be entered against certain of the defendants, including the said Ida C. Bassford, for the amount remaining unpaid. Thereafter a sale was had, and there being a balance of $3,280.06 unpaid, a deficiency judgment was entered, as provided in the judgment of foreclosure. On October 12, 1903, upon motion of the judgment plaintiff, and without notice to any of the defendants, the court ordered that an execution issue upon the deficiency judgment for the amount due thereon, less the sum of four hundred dollars, previously paid. Thereafter an exe-

cution was issued in pursuance of the order, and the orders appealed from thereupon followed.

The order directing the execution to be issued was made under the provisions of section 685 of the Code of Civil Procedure, which reads as follows: "In all cases, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act."

This section was enacted in its present form, so as to make it applicable to judgments for the recovery of money, on March 9, 1895. The proviso to the effect that it was not to be construed to revive a judgment for the recovery of money is inapplicable to this case, inasmuch as the judgment herein was rendered after the enactment of the section as amended, and therefore it could not have been barred by limitation at the time of the passage of the amended section. Moreover, at the time this execution was issued, the judgment in question was not barred by the statute of limitations. As a foundation for a cause of action it did not become final until six months from the date of its entry. In the case of *Feeney* v. *Hinckley,* 134 Cal. 470,[1] it was held that an action upon a judgment is not barred until five years have elapsed from the time at which it became final. Adding to the five years provided in the statute of limitations the six months in which an appeal may be taken, and which must elapse before the judgment becomes final, it will be seen that the judgment of foreclosure would not be barred by limitation until the period of five years and six months after its entry. This period had not expired at the time the execution in question was issued.

The principal contention of the appellants is, that section 685, in so far as it may be construed to permit an order to be made for the issuance of an execution, upon motion without notice to the defendants, is unconstitutional. We think there is no merit in this contention. The legislature has the undoubted power to provide that an execution may issue on a judgment at any time after its entry or rendition. It may

[1] 86 Am. St. Rep. 290.

make the period five years, twenty years, or any other definite time, or it may make the right to an execution unconditional for five years, and leave it optional with the court to make it upon motion for an indefinite period thereafter. The latter is the course which has been pursued by our legislature. If this be within the legislative power, it must be equally competent for it to declare that such motion may be made without notice. If it could have fixed the time at twenty years in the first instance, or left it without limitation, it is certainly no greater exercise of power to make the right, after the first five years, dependent upon the permission or *ex parte* order of the court.

There is nothing in the terms of section 685 of the Code of Civil Procedure which expressly requires the service upon the defendant of a notice of the time and place of making the motion for leave to issue the execution. Ordinarily, process of any kind may be issued without any notice to the opposite party, and the general rule is that notice of application therefor need be given only where there is some statute expressly prescribing it. Such notice is not necessary to constitute that due process of law which is guaranteed by the constitution of the United States. The due process of law there guaranteed is obtained by the service of summons on the defendants or their subsequent appearance in the action before judgment. Perhaps in some cases circumstances may appear which would make it an abuse of discretion to make such an order without notice, or which would make it imperative to vacate the order on motion or reverse it on appeal. But no such conditions are shown. We cannot say that the order for the execution is invalid for want of previous notice of the motion.

It is claimed that the court abused its discretion in ordering the execution, and that the motion of the defendants to set aside the order should have been granted, upon the statement made in the affidavit filed by the appellants in support of the motion, to the effect that the appellant Ida C. Bassford was a surety on the original obligation, and that J. M. Bassford, senior, was the principal therein, and that subsequent to the entry of the deficiency judgment the estate of J. M. Bassford, senior, then deceased, was released from said deficiency judgment in consideration of the sum of four hundred dollars. It is claimed that this operates to release the

judgment as against the sureties also. The affidavit, however, does not show that the obligee had any notice whatever of the alleged fact that J. M. Bassford, senior, was the principal and Ida C. Bassford a surety on the note upon which the judgment is founded. So far as appears, as to the obligee the note was a joint obligation, and the deficiency judgment must bear the same character. Under the provisions of section 1543 of the Civil Code, a release of one of two or more joint debtors does not extinguish the obligations of any of the others. Conceding, but not deciding, that in any case where a joint, or joint and several, obligation is reduced to judgment, and it is subsequently made to appear that one of the judgment debtors was only a surety as to the other in the original obligation, a release of the principal will discharge the obligation as to the surety, we are satisfied that the principle cannot be applied in cases where it is not shown that the obligee, at the time of the release, was aware of the relations between the debtors.

Objection is made to the confirmation of the report of the appraisers and to the subsequent proceedings, on the ground that, it having been shown that one of the appraisers first appointed was not present in the county, another appraiser was substituted in his place, without additional notice to the defendants.

The court was authorized to appoint the appraisers in the first instance, upon the proof made of service upon the defendants of a copy of the petition and notice of the time and place of hearing, as provided in sections 1248 and 1249 of the Civil Code. The absence of one of the appraisers from the county caused a vacancy in the board of appraisers. We think the court had authority to appoint another person without further notice. Either party would, of course, have the right to move the court to vacate such appointment or set aside the report of appraisers, upon a reasonable showing that such appointee was unfit, incompetent, or disqualified. The appellant does not claim that he was in any respect an unfit or improper person, nor that he did not possess the qualifications required by the code. Upon the showing made, therefore, we do not think the point has substantial merit.

We find no error apparent in the proceedings appealed from. The orders are affirmed.

Beatty, C. J., Angellotti, J., Van Dyke, J., and McFarland, J., concurred.