[Civ. Nos. 103, 104.    Second Appellate District.—January 8, 1906.]

## NATIONAL BANK OF CALIFORNIA, Plaintiff, v. LOS ANGELES IRON AND STEEL COMPANY et al., Defendants. JOHN REBMAN, Appellant. R. H. HERRON, Respondent.

JUDGMENT—PAYMENT BY ONE CODEFENDANT—CONTRIBUTION NOT ENFORCED—EXTINGUISHMENT—ASSIGNMENT.—The payment of a judgment by one codefendant, who does not at the time appear to have taken an equitable assignment thereof, and who does not appear to have taken the steps to enforce contribution specified in section 709 of the Code of Civil Procedure, extinguishes the judgment.

ID.—EQUITABLE ASSIGNMENT—USE OF JUDGMENT AS SECURITY—AFFIRMATIVE SHOWING UPON NOTICE REQUIRED.—An assignment of a judgment to one codefendant at the time when he advances the amount of the judgment is equitable in its nature, and extends no further than to use it as security for payment of the amounts properly due from other defendants; and an affirmative showing is required, upon application to the court upon notice, and a determination of the amount due from any other codefendants.

ID.—LAPSE OF FIVE YEARS—PRESUMPTION FROM BAR OF STATUTE—ERRONEOUS ORDER FOR EXECUTION WITHOUT NOTICE.—An order made for the enforcement of the judgment against one of the defendants after the lapse of five years, without any affirmative showing to overcome the presumption of the bar of the statute and without notice and hearing, addressed to the sound discretion of the court, was clearly erroneous.

JURISDICTION OF SUPREME COURT—FINALITY OF JUDGMENT IN APPELLATE COURT.—The supreme court has no jurisdiction of a petition to have a cause determined in the district court of appeal transferred thereto for determination, where more than sixty days had elapsed after the judgment became final before the petition was presented.

ID.—DENIAL OF REHEARING IN APPELLATE COURT—MODIFICATION OF OPINION.—Upon the denial of a petition for rehearing in the ap-

pellate court, a mere modification of the opinion made thereupon does not affect the finality of the judgment therein, which became final after the lapse of thirty days from the original rendition of its judgment.

APPEAL from an order of the Superior Court of Los Angeles County directing execution to be issued, and from an order refusing to vacate such order and to recall the execution. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

J. L. Murphey, and James Taylor Rogers, for Appellant.

Charles McFarland, for Respondent.

SMITH, J.—Appeals from an order for the enforcement of a judgment over five years old, and from an order refusing to set aside the former order and to recall the execution thereon issued.

The latter order was issued on affidavits, and, among others, on that of R. H. Herron, a defendant in the suit, from which it appears that at some date unspecified, but before the original order "he paid the full amount of the judgment to [the plaintiff] with interest." And as it does not appear that any of the proceedings specified in section 709 of the Code of Civil Procedure were taken by him, it is clear that the judgment was extinguished. (Civ. Code, sec. 1474; *Reynolds* v. *Lincoln*, 71 Cal. 184, [9 Pac. 176, 12 Pac. 449]; *Estate of Baby*, 87 Cal. 202, [22 Am. St. Rep. 239, 25 Pac. 405].) It appears, indeed, from the affidavit of Herron that the judgment was, at his instance, assigned to one Hays in trust for himself and his attorney, but the date of the assignment is not given, and from aught that appears to the contrary, years may have elapsed between the payment and the assignment; and, indeed, from the careful omission of dates in the affidavit it may, perhaps, be inferred that such was the case. But at all events, it clearly appears that the assignment was subsequent to the payment; or, at least, the contrary does not appear. Indeed, giving to the term "payment" its strict and proper construction, it may be inferred from the payment itself that there was no assignment; for if

there had been, there would have been no payment of the judgment, but a purchase of it only; a payment and an assignment being essentially different transactions.

In this connection, it should be observed that, assuming the validity of an assignment of a judgment to one of the defendants (*Williams* v. *Riehl*, 127 Cal. 365, [78 Am. St. Rep. 60, 59 Pac. 762] ; Freeman on Judgments, sec. 472), yet the right of the assignee to the judgment in such case is rather an equitable than a legal right, and extends no further than to the use of the judgment as a security for the payment of the amounts properly due from other parties. It, therefore, would seem to be a right that can be exercised only after an affirmative showing to the court and a determination of the indebtedness of the other defendants; by which we mean, not that a new suit is required, but that, at least, application should in all cases be made to the court. As to the original order, it appears that this was made without notice to the defendant, and without any showing to the court other than such as was furnished by the record itself. On the latter account, the order was clearly erroneous; for it has been held that the order is to be granted only "in the exercise of a sound discretion by the court" (*Wheeler* v. *Eldred*, 121 Cal. 28, [66 Am. St. Rep. 20, 53 Pac. 431], 137 Cal. 38, [69 Pac. 619]) ; which implies that it is not to be issued as of course, but that a showing must be made to overcome the presumption arising from the bar of the statute.

For the same and other reasons it was also error to entertain the motion without notice; and, indeed, we are of the opinion that notice was essential to give jurisdiction to the court, for several reasons: (1) By the terms of the act, the order can be made only "upon motion or by judgment for that purpose founded upon supplemental pleadings." In the latter case, repeated notice would be given, as in other proceedings in court, and the coupling of the two clauses together would seem to imply that where the proceeding is by motion, it should substantially conform to the regular proceeding in the matter of notice and other matters. The case, therefore, presents an obvious occasion for the application of the maxim, "*Noscitur a sociis.*" (2) The conclusion thus reached from the language of the act is confirmed by a regard to its intention; for it is impossible to conceive of any reason for a dis-

tinction in the matter of notice between the two modes of procedure; and (though the assumption may be sometimes a violent one) we must assume that the legislature did not act without reason.   (3) This conclusion is also confirmed by the consideration that the proceedings under this section are a substitute for the writ of *scire facias,* where notice was always required.   (Bouvier's Dictionary, "*Scire Facias*"; *McDonald* v. *Dickson,* 85 N. C. 250.)   (4) Finally, after the expiration of five years, the action is barred (Code Civ. Proc., sec. 336), and hence, there no longer exists any cause of action upon the judgment.   A new life may, indeed, be given to the judgment in the manner prescribed in section 685 of the Code of Civil Procedure; but in the absence of such action the defendant stands free of any liability on account of the judgment, or otherwise, and it seems clear that to revive or create a liability against him without giving him an opportunity to be heard would be in contravention of the constitutional provision that forbids any man to be deprived of his property without due process of law.

It may be proper here to note that in *Bryan* v. *Stidger,* 17 Cal. 270, involving section 214 of the Practice Act as it originally stood (Hittell's Gen. Laws, art. 5153, note "d"; *Mann* v. *McAtee,* 37 Cal. 11), it was held that the order for issue of execution might be made *ex parte;* but the provisions of the original section are essentially different from those of the section of the code now under consideration; and, indeed, the decision of the court in that case is apparently disapproved in the subsequent case of *Mason* v. *Cronise,* 20 Cal. 214, where it is said that the decision in *Bryan* v. *Stidger* probably led to the repeal of the act.

For these reasons, the orders appealed from must be reversed, and it is so ordered.

Gray, P. J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeals on February 7, 1906, and the following opinion was rendered thereon:

SMITH, J.—It will be proper to say, in denying the petition for rehearing in this case, that our attention is called by the petition to the decision in *Harrier* v. *Bassford,* 145

Cal. 529, [78 Pac. 1038] , which it is assumed had escaped our attention. In that case, the judgment on which execution had been issued was not barred by the statute, and this fact was decisive of the case. But the court also considered the question whether—assuming that after five years from the date of the judgment's becoming final, an order could be made, without notice—the act would be unconstitutional; and it was held that it would not be; and in deference to this expression of the court (which was not present to my mind when I was writing the opinion in this case), it will be proper to modify the opinion by striking therefrom what is said as to what would be the constitutionality of the act upon the construction contended for.

The question whether the act was to be construed as authorizing such an order, without notice to the defendant, was not discussed or, apparently, considered in that case; and what is said upon the subject should, I think, be construed as referring to the question then under consideration, and, hence, as qualified by the assumed hypothesis. Nor have we any reason to suppose that what was said was intended to be decisive of the important question involved in the construction of the act. The question is, therefore, I think, to be regarded as an open one, and I can see no reason for altering my opinion that it is, in all such cases, error for the court to order an execution to be issued on an *ex parte* application; and this, I think, is necessarily implied in the decisions in *Wheeler* v. *Eldred*, 121 Cal. 28, [66 Am. St. Rep. 20, 53 Pac. 431], 137 Cal. 38 [69 Pac. 619]. I am of the opinion, therefore, that the opinion heretofore filed in this case should be amended by striking therefrom the passage commencing ''(4) Finally,'' etc. (to the end of the paragraph), and that the petition for rehearing be denied; and it is so ordered.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on the 17th of March, 1906, and the following opinion was then rendered thereon:

The COURT.—In this cause the district court of appeal of the second district, on January 8, 1906, rendered its judg-

ment, reversing the order appealed from. (*Ante,* p. 659, [84 Pac. 466].) Afterward, within thirty days, the respondent made application to the district court for a rehearing of the cause. (*Supra.*) On February 7, 1906, the district court denied the petition for a rehearing, but modified the opinion rendered on January 8th by striking out certain parts thereof. The original judgment of January 8th was not in any respect changed or affected by the order of February 7th, but remained in full force and effect, as from its date. On March 12, 1906, one of the respondents filed in this court an application for an order transferring the cause to this court for reconsideration, after judgment of the district court of appeal. This was more than sixty days after the rendition of the judgment by the district court, reversing the order of the court below, and more than thirty days after the cause became final in the district court. The order of the district court made on February 7th was not the final judgment of that court in the cause. It did not purport to make any change in the final judgment, but merely denied the application for rehearing. The modification of the opinion did not affect the judgment previously rendered. Under the provisions of section 4, article VI of the constitution, the judgment of the district court of appeal became final in that court on February 7th, and in this court on March 9, 1906. This court is, therefore, without power, after the lapse of sixty days from the giving of the judgment of the district court, to act upon the present application to transfer the cause. It was presented too late.

The application for transfer is dismissed.