In re REBMAN.

WILLIAMS v. HAYES.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1906.)

No. 1,279.

1. JUDGMENTS—PROCEEDINGS FOR ENFORCEMENT OF DORMANT JUDGMENT—CALIFORNIA STATUTE.

A proceeding under Code Civ. Proc. Cal. § 685, which provides that a judgment may be enforced or carried into execution after the lapse of five years from the date of its entry by leave of the court upon motion, or upon judgment founded on supplemental pleadings, is a remedy entirely independent of an action upon the judgment, which, by section 336, is required to be brought within five years; and, under the construction placed upon the statute by the Supreme Court of the state, such execution may be awarded at any time in the discretion of the court, and without notice to the defendant.

2. BANKRUPTCY—PROVABLE CLAIMS—DORMANT JUDGMENT.

A judgment of a state court of California on which an execution has been awarded under the provisions of Code Civ. Proc. Cal. § 685, more than five years after its entry, which execution was levied prior to bankruptcy proceedings against the defendant, is provable as a claim against his estate, notwithstanding the fact that an action thereon is barred by limitation under another section of the statute.

Appeal from District Court of the United States for the Southern District of California.

On August 4, 1897, the National Bank of California obtained in the superior court of the state of California for Los Angeles county, a judgment against John Rebman, R. H. Herring, and others, for $3,498.71, which judgmnet was docketed on August 24th of that year. Subsequently the defendant Herring paid the judgment, and took an assignment thereof in the name of Malcolm M. Hayes. On July 5, 1904, Hayes, appearing by his counsel, upon an ex parte motion, obtained an order of the superior court for the enforcement of the judgment and the issuance of execution thereon. This proceeding was had under section 685 of the California Code of Civil Procedure. On July 27, 1904, an amendatory order was entered, to the effect that execution against Rebman be for only one-half of the judgment, and interest. Thereupon execution was issued and levied upon all money due to the said Rebman from the Spring Street Company, a corporation. On the same day Rebman filed his petition in bankruptcy, and was thereafter adjudged bankrupt. Hayes thereafter presented his judgment before the referee in bankruptcy as a claim against the estate of said bankrupt. It was objected to on the ground that it was barred by section 336 (1) of the California Code of Civil Procedure. The objection was sustained by the referee, but upon the review of the matter before the district court, the ruling of the referee was reversed, and the judgment was allowed as a claim against the estate of the bankrupt. From that decision, the trustee appeals to this court.

E. S. Williams, for appellant.
Chas. H. McFarland, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The statute of limitations of California (Code Civ. Proc. § 336) provides that an action may be brought upon a judgment or decree of

any court of the United States or of any state within the United States within five years. It has been held that the statute begins to run against an action upon a judgment after the lapse of the period within which an appeal may be taken therefrom. Feeney v. Hinckley, 134 Cal. 467, 66 Pac. 580, 86 Am. Rep. 290. The judgment in this case having been entered on August 16, 1897, an action upon it was barred on February 17, 1903. The order permitting the execution to issue was had on July 5, 1904. It was obtained under the provisions of section 685 of the Code of Civil Procedure which reads as follows:

"In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry by leave of the court upon motion or upon judgment for that purpose founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act."

This section is found in the division of the Code which treats of the execution of "the judgment in civil actions." It is an amendment of a former statute, and the amendment was made several years after the enactment of section 336. The decision of the present case depends upon its meaning and its effect. The appellant contends that the order could not lawfully be made without notice to the judgment debtor, and if anything was obtained by the appellee under the order of July 5, 1904, it was nothing more than the permission of the court to enforce by execution the judgment, and that the order could not have the effect to revive the judgment or the lien thereof; that the enforcement of the judgment can be had only through the machinery of the California state court, and that when the operation of that machinery was stopped as it was here by the bankruptcy of Rebman, the judgment creditor was remediless, and that when his claim was presented in bankruptcy, its binding obligation depended on whether an action on the judgment could then have been prosecuted.

Was the order authorizing the issuance of execution void for want of notice to the judgment debtor of the motion for leave to issue it? At common law, if the plaintiff failed to take out execution on a judgment in a real action within a year and a day from the date on which the judgment became final, execution could not be thereafter issued without reviving the judgment by scire facias. By statute (Westminster II), a similar remedy was provided for the revival of a judgment in a personal action. The purpose was to afford the judgment debtor an opportunity to show if he could that the judgment had been paid, released, or satisfied, and, in default thereof, to give the creditor a new writ of execution. Although in California the writ of scire facias is abolished (Humiston v. Smith, 21 Cal. 129) the statutes of that state contain two remedies for the enforcement of a dormant judgment: First, an action on the judgment, to be brought within a period of five years; and, second, the proceeding under section 685 of the Code for leave to issue execution. The time within which the latter proceeding may be brought is not limited by the terms of the statute; but it has been held that the order is subject to the discretion of the court, and that, in the proper exercise of that discretion, it may be granted or withheld. Wheeler v. Eldred, 121 Cal. 28, 53 Pac. 431, 66 Am. St.

Rep. 20; Wheeler v. Eldred, 137 Cal. 38, 69 Pac. 619. It is the rule in England, and the almost universal rule in the United States, that an execution issued after the lapse of more than a year and a day from the date of the judgment, or after the statutory period, without the preliminary steps prescribed by statute, is voidable merely, and not void; that, when the judgment is so renewed without notice, the defendant may afterwards make his defense, if any he have, by proceedings to set the writ aside, but that if he neglects so to do, others may not do it for him, nor may the execution or a sale thereunder be attacked collaterally. Freeman Ex. 29, Morris v. Jones, 2 B. & C. 232; Mariner v. Coon, 16 Wis. 465; Doe v. Harter, 1 Ind. 427; Genesee Bank v. Spencer, 18 N. Y. 150; Eddy v. Coldwell, 23 Or. 163, 31 Pac. 475, 37 Am. St. Rep. 672; Hernandez v. Drake, 81 Ill. 34; Willard v. Whipple, 40 Vt. 219; Lawrence v. Grambling, 13 S. C. 120. It is to be noted that in the majority of the statutes under which the above cited decisions were rendered, it was expressly provided that the order should be made "only" upon notice, etc. But, in the statute of California, there is no provision requiring notice. In Bryan v. Stidger, 17 Cal. 271, the court, in construing section 214 of the practice act (Laws 1851, p. 85, c. 5) then in force, in which, as in the present statute, there was no provision for notice, held that no notice to the opposite party is required on an application for execution on a judgment more than five years old. The court said:

"It would serve no useful purpose to require notice for if the execution issues irregularly or if the defendant has a good defense or any cause to show against the enforcement of the process he has a plain and speedy remedy."

In Harrier v. Bassford, 145 Cal. 529, 78 Pac. 1038, answering the contention that section 685 is unconstitutional, for the reason that it makes no provision for notice, the court said:

"The Legislature has the undoubted power to say that an execution may issue on a judgment at any time after its entry or rendition. It may make the period 5 years, 20 years, or any other definite time, or it may make the right to an execution unconditional for 5 years, and leave it optional with the court to make it upon motion for an indefinite period thereafter. The latter is the course which has been pursued by our Legislature. If this be within the legislative power, it must be equally competent for it to declare that such motion may be made without notice. * * * Such notice is not necessary to constitute that due process of law which is guarantied by the Constitution of the United States. The due process of law there guarantied is obtained by the service of summons on the defendants or their subsequent appearance in the action before judgment."

It is urged against the applicability of that decision to the present case that in Harrier v. Bassford the execution was issued before the expiration of the five years' period of limitation, and that the language of the opinion was guarded by an express reference to that fact. We cannot see that that fact makes any difference. The language and reasoning of the opinion directly meet the question here involved, and are as applicable to a proceeding under section 685 after the bar of the statute of an action on the judgment as to a proceeding before such bar. The proceeding under section 685 is an independent remedy. It has nothing to do with an action on a judgment, and is not affected by the statute of limitations applicable to such actions, nor by the fact that

the granting of the order is in the discretion of the court. The judgment in question was not outlawed. It is true that an action upon it was barred, but the bar was only to that particular remedy. The judgment was still enforceable.

We do not overlook the decision of the Court of Appeal of the Second District of California, rendered since the date of the decision of the present case in the court below. National Bank v. Los Angeles Iron & Steel Co. (Cal. App.) 84 Pac. 466. In that case the judgment of the Superior Court of Los Angeles county, ordering the issuance of the writ in question here, was reversed. The court held that since an order for the enforcement of a judgment over five years old is to be granted only in the exercise of a sound discretion, on a sufficient showing to overcome the presumption that the judgment is barred, such proceeding can be properly taken only on notice and hearing. We do not feel bound to follow that decision since, in our judgment, it departs from the principles announced by the Supreme Court of California in Harrier v. Bassford and Bryan v. Stidger, and from the recognized rule sustained by English and American decisions above noted. The decision in Bryan v. Stidger was rendered in a case in which the statutory period for an action on the judgment had expired. That fact was held not to affect the right to issue the writ without notice to the judgment debtor. Concerning the statutes which controlled decision in that case, Judge Field, in Mason v. Cronise, 20 Cal. 212, said:

"There is, perhaps, something which at first appears a little singular in the legislation allowing the issuance of an execution after the lapse of five years, and denying the right of action upon the judgment after that period. But there is nothing so inconsistent in it as to require any forced construction of the language of either of the two sections. * * * The Legislature has there declared that actions upon judgments may be brought within a designated period; but it has not declared that domestic judgments shall, after that period, be incapable of enforcement. It has by another act provided for their enforcement afterwards in a certain mode—by execution, which is to be issued only upon the establishment of certain preliminary facts—as that the judgment continues unsatisfied and due; that is, remains undischarged, and of binding obligation upon the debtor."

It follows from these views that the amount due the appellee on the judgment was provable as a claim against the estate of the bankrupt. In the sixty-third section of the bankruptcy act, under the title "Debts which may be proved," it is provided as follows:

"(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at the date, or with a rebate of interest upon such as were not then payable and did not bear interest."

It is not denied that, but for the intervention of bankruptcy proceedings, the appellee by his execution and levy would have obtained satisfaction of his judgment.

The court below, when its attention is directed to the subsequent judgment of the Court of Appeal of the Second District of California, may, it is true, set aside its order allowing the claim of the appellee. But the question which we have to consider is whether the court below

erred in allowing the claim as it was presented. We do not find that it did.

Its judgment is affirmed.

NOTE.—The following is the opinion of Wellborn, District Judge, on review of referee's order:

WELLBORN, District Judge. A judgment barred by limitation, and for whose enforcement no remedy exists, is not provable in bankruptcy. The question here to be determined is whether or not the order of the superior court of this county, in the case of National Bank of California v. John Rebman, entered July 5, 1904, removed the bar of limitations, or provided any other relief, so as to make the judgment a provable claim.

The proceeding which resulted in said order was had under section 685 of the Code of Civil Procedure of this state, as amended March 9, 1895 (Statutes and Amendments to the Codes 1895, p. 38), which section, if not a substitute for, is analogous to the writ of scire facias, of which writ it has been said: "The proceeding by writ of scire facias to revive a personal judgment is statutory. It had its origin in the statute of Westminster II (St. 13 Edw. I, c. 45). It is not an original proceeding, but a mere continuance of the former suit—a supplementary remedy to aid in the recovery of the debt evidenced by the original judgment. Adams v. Savage, 3 Salk. 321, 2 Bac. Abr. 598; McGill v. Perrigo, 9 Johns. (N. Y.) 259; Humphreys v. Lundy, 37 Mo. 320, 323. Its purpose is not to raise the issue of the validity of the original judgment, but to offer the debtor an opportunity to show, if he can, that the former judgment has been paid, satisfied, or released, and, if he cannot, to avoid the statute of limitations against the judgment and its lien, if it have one, and to give the creditor a new right of enforcement from the date of the judgment of revival. Its effect, when it results in a new judgment, is to avoid the statute of limitations, to set it running again from the date of the judgment of revival, and to reinstate the old judgment, and any lien which it evidences, as of the date of the judgment of revival." Lafayette County v. Wonderly, 92 Fed. 314, 34 C. C. A. 360. See, also, 18 Ency. of Pl. & Pr. p. 1061, note 4.

The Supreme Court of this state seem to express the same opinion as to the effect of an order under said section in the case of Wheeler v. Eldred, 121 Cal. 28, 53 Pac. 431, 66 Am. St. Rep. 20, where it is said (italics mine): "Aside from authority, it seems to us manifestly politic, at least in actions where title to real property is involved, that the court should not be bound to allow the enforcement of the judgment after lapse of five years; otherwise *the judgment becomes a perpetual encumbrance* by mere neglect of the owner to execute it."

Furthermore, that it was the purpose of amended section 685 to provide a remedy for the revival of dormant judgments, other than money judgments barred when the section was passed, is clearly shown in the last sentence of the section, which is as follows: "But nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act."

From the foregoing authorities it follows that the order of the Superior Court above mentioned is not limited to the issuance of one execution, as contended for by the trustee in bankruptcy, but revived the judgment, thus reinvesting it with all powers, attributes, and conditions originally attached to it, including plaintiff's remedy to suit thereon, which had been suspended by lapse of time, through operation of the statute of limitations. It appears, however, that said order has been appealed to the Supreme Court of the state, where the case is now pending, and, since the provableness of said judgment depends upon the affirmance of said order, further action in this court on the claim should be postponed until the final disposition of said appeal.

The order now under review will be set aside, and the matter returned to the referee, to be proceeded with in accordance with this opinion.