[S. F. No. 9566.    In Bank.—April 4, 1921.]

## CREDITORS ADJUSTMENT COMPANY (a Corporation), Appellant, v. MRS. F. C. NEWMAN, etc., Respondent.

[1] EXECUTION—RIGHT TO RECALL.—The right of a court, under whose order an execution has issued, to recall it cannot be doubted if the issuance was improperly or inadvertently made or authority therefor revoked.

[2] ID.—DISCRETION TO ISSUE EXECUTION.—The court in which a judgment has been rendered has the discretion, under section 685 of the Code of Civil Procedure, upon a showing of proper grounds, to determine whether the judgment may be enforced at all after the lapse of five years, although on an application for a writ of execution or in proceedings to vacate it, the court cannot properly consider defenses to the original action or circumstances leading up to the judgment.

[3] ID.—ISSUANCE OF EXECUTION—REVIEW.—Under the terms of the statute no showing is required of meritorious grounds for enforcement of the judgment, and the court has authority to grant the writ on an *ex parte* motion, but such order is subject to review on a motion to vacate the order and recall the execution.

[4] ID.—ORDER RECALLING EXECUTION—RES JUDICATA.—The doctrine of *res judicata* is applicable to an order granting a motion to vacate an order for execution and to quash the execution, and the order granting the motion is a judgment on the merits as to the right to enforce the judgment, under the provision of section 685 of the Code of Civil Procedure, as to all grounds presented or defenses

thereto open to the plaintiff on such hearing, and where the order is not appealed from or otherwise directly attacked, it is conclusive upon all matters presented or which should have been presented on the hearing.

APPEAL from an order of the Superior Court of Sonoma County vacating an order for a writ of execution and recalling the execution issued thereon. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry G. W. Dinkelspiel, Hiram E. Casey and L. R. Lambert for Appellant.

W. F. Cowan for Respondent.

SLOANE, J.—This appeal is from an order vacating an order for a writ of execution under section 685 of the Code of Civil Procedure, and recalling the execution issued thereon, and denying further process for the enforcement of the judgment.

The history of the litigation is unique and somewhat complicated. Originally, in 1907, the plaintiff, as assignee of a claim against defendant, obtained a judgment by default after personal service of summons in the superior court of Sonoma County for $580.60 and costs. Five years later, the judgment remaining unsatisfied, plaintiff brought action in the same court on the original judgment, in which defendant again defaulted, and a renewal of judgment was obtained for the original amount with accrued interest and costs. Nothing was collected on this judgment and on October 10, 1918, after the lapse of over five years from date of entry of the last judgment, plaintiff obtained an *ex parte* order for the issuance of an execution pursuant to the provisions of section 685 of the Code of Civil Procedure, in Department One of said superior court. Execution was issued and levied upon property of the defendant. Shortly thereafter the defendant, upon notice and affidavits, procured an order of court in Department Two thereof setting aside such former order, execution, and levy. Following this, in August, 1919, plaintiff made a second application in Department One for issuance of another execution, which order was granted, ex-

ecution issued and levied on property of defendant. Defendant again applied in Department Two for an order vacating the order for execution, recalling the second writ and denying further relief under the judgment. This application was granted, and it is from this order that the appeal was taken.

No appeal was taken by plaintiff from the order vacating the first writ of execution, and it is the contention of defendant that this order became final and *res judicata* in denial of plaintiff's right to enforce its judgment. If such was the result it is conclusive of the issues on this appeal. [1] The right of the court to recall the execution cannot be doubted if the issuance was improperly or inadvertently made or authority therefor revoked. (*Buell* v. *Buell,* 92 Cal. 393, [28 Pac. 443]; *Dorland* v. *Hanson,* 81 Cal. 203, [15 Am. St. Rep. 44, 22 Pac. 552]; *Francis* v. *Francis,* 192 Mo. App. 710, [179 S. W. 975]; *Columbia B. L. & S. Assn.* v. *Gregory,* 129 Ky. 489, [112 S. W. 608].)

It, therefore, becomes necessary to ascertain just what was involved in the first proceeding to quash the execution and the order on which it was based.

The grounds enumerated by defendant in support of this motion were: (1) That the court had no jurisdiction to make an order for issuance of the writ; (2) That the order was made inadvertently; (3) That the levy of the execution worked hardship on defendant; (4) That it was inequitable to permit enforcement because of laches of plaintiff; (5) That there was no consideration for the judgment; (6) That defendant is not legally or morally indebted to plaintiff in excess of the sum of one hundred dollars; (7) That the amount for which execution is granted is materially in excess of the amount called for by the judgment; (8) That the court had no authority to direct the payment of interest; (9) That no notice of hearing of said application was given; (10) That said order was not issued upon motion or upon supplemental proceedings; (11) That the order was an abuse of discretion of the court.

[2] While some of the grounds given are not tenable as an objection to enforcing the judgment, and one of them contains an admission that some amount is due to plaintiff and unpaid, they are, taken as a whole, sufficient to justify that exercise of discretion which the court undoubtedly has under

section 685 in determining whether the judgment may be enforced at all after the lapse of five years. (*Wheeler* v. *Eldred,* 121 Cal. 28, [66 Am. St. Rep. 20, 53 Pac. 431].)

It is true that on an application for such a writ of execution or in proceedings to vacate it, the court cannot properly consider defenses to the original action or circumstances leading up to the judgment (*Weldon* v. *Rogers,* 159 Cal. 700, [115 Pac. 464]), but on this motion matters were presented to the court which, if true, might render an enforcement of the judgment inequitable. The court made two orders on this motion, the first apparently a signed statement reciting the conclusions of the court as to the facts presented and ordering that the motion to set aside the execution be granted; the second, the formal order of the court vacating both the order that execution issue, and the execution itself. In the first order, if it may be termed such, the court recites, among other matters, that the order for execution was inadvertently made, "that the judgment was obtained for a bill of millinery, which millinery was destroyed by the fire of April 18, 1906, and that the plaintiff's assignors—plaintiff being merely a collection agency—recovered ninety per cent of the judgment through insurance," that "defendant offers to pay one hundred dollars, which amount is more than the remaining ten per cent of the judgment," that "it would be unconscionable that the plaintiff should have its bill paid twice." The question of laches in enforcing the judgment was also before the court.

[3] The original application for the issuance of execution was made without notice and the order therefor was apparently made without a showing of meritorious grounds for enforcement of the judgment. It is true that no showing is required under the terms of the statute, and the court had authority to grant the writ on an *ex parte* motion (*Harrier* v. *Bassford,* 145 Cal. 529, [78 Pac. 1038]; *Doehla* v. *Phillips,* 151 Cal. 488, [91 Pac. 330]), but such order was subject to review on motion to vacate the order and recall the execution (*Harrier* v. *Bassford* and *Doehla v. Phillips, supra*).

Such motion to vacate the order and quash the execution was duly made by defendant, on notice to plaintiff and service of affidavits supporting the motion. Plaintiff did not appear to contest the motion or file counter-affidavits.

[4]   The order of the court granting this motion was a judgment on the merits as to plaintiff's right to enforce its judgment under the provisions of section 685, as to all grounds presented, or defense thereto open to the plaintiff on such hearing.

The question of plaintiff's right to an execution was clearly before the court on its merits, and conceding that the court may have committed error in the admission of certain evidence and in considering certain grounds of objection to the original order, which would have called for reversal on appeal, it had jurisdiction to act in the premises, and the judgment having become final, without appeal or other direct attack, it is conclusive, whether the matter was rightly or wrongly decided, as to all matters presented or which should have been presented on the hearing. (*Keech* v. *Beatty,* 127 Cal. 177, [59 Pac. 837]; *Lamb* v. *Wahlenmaier,* 144 Cal. 91, [103 Am. St. Rep. 66, 77 Pac. 765]; *Curtis* v. *Upton,* 175 Cal. 332, [165 Pac. 935].)

The proceedings on the second order granting writ of execution, and order vacating the same, from which latter order this appeal is taken, present no matters supporting plaintiff's right to enforce this judgment which were not or which might not have been presented in the first proceeding. One of the grounds upon which the court vacated this second order for execution, and the writ issued thereon, was that the rights of the plaintiff were concluded by the former proceeding.

We think such was the effect of the judgment then made.

The doctrine of *res judicata* as applied here is set forth, under very similar conditions, in *Wheeler* v. *Eldred,* 137 Cal. 37, [69 Pac. 619], where upon a second application for execution under section 685 of the Code of Civil Procedure, after affirmance on appeal of order denying a previous application, the court says:

"The matter involved here is *res adjudicata,* and the application is barred by the judgment of the court on a previous similar motion made by appellant on January 4, 1896. That motion was denied, and on an appeal by appellant from the order denying the motion to this court, the said order was by this court, on May 21, 1898, affirmed. (*Wheeler* v. *Eldred,* 121 Cal. 28, [66 Am. St. Rep. 20, 53 Pac. 431].) In the present proceeding no facts or right not existing at

the time of the former motion are alleged. On the former motion appellant contended that the court had no discretion in the matter, and that he had the absolute right to an order directing the issuance of the execution. It is also contended by appellant that because on the first motion appellant did not aver that the judgment remained unsatisfied in whole or in part, while he does so aver on the second motion, therefore the former judgment is not a bar; in other words, that the point involved was not adjudicated on the first motion because appellant did not then aver all that he should and could have averred. Under that view, after an adverse judgment, there would be no end to the number of suits which might be maintained on the cause of action already adjudicated. On the former motion the question to be adjudicated was whether appellant was entitled to an order for a writ of execution to issue; and that is the precise question involved in the case at bar. No facts not existing at the time of the former adjudication are averred. The contention of appellant is no stronger than would be the contention of a party that he ought to be allowed to maintain a second suit after judgment had been rendered against him in a former suit on the same cause of action, because on the trial of the first action he had not properly argued his case.''

In applying the doctrine laid down in the preceding citation it is not necessary to go to the extent suggested in that opinion of holding that the ruling on the first motion is an adjudication of all grounds of motion existing at the time such motion was made, since, in this case, no grounds are presented on the second motion which were not before the court on the first. We therefore merely hold in this instance that the first ruling was conclusive of the issues presented and necessarily involved therein.

A like conclusion was reached on the appeal before us by the appellate court of the third appellate district, from which this case is before us for rehearing. We agree with the judgment there given.

The order appealed from is affirmed.

Shaw, J., Lennon, J., Olney, J., Wilbur, J., Angellotti, C. J., and Lawlor, J., concurred.