BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, Plaintiff and Appellant, v. Pío MARCIAL ET AL., Defendants and Appellees.

No. 5967. Argued November 22, 1932—Decided November 28, 1932.

Juan de Guzmán Benítez, E. Martínez Avilés, and Luis Toro Caba-
ñas for appellant.   Ulpiano Crespo, Jr., and Luis Mercader for
appellees.

Mr. Justice Córdova Dávila delivered the opinion of the
Court.

On November 14, 1923, the District Court of Arecibo
rendered a judgment in the case of Banco Territorial y Agrí-
cola de Puerto Rico v. Pío Marcial and others, an action of
unlawful detainer, sustaining the complaint as regards forty-
six of the defendants.   The Bank appealed from that part
of the judgment dismissing the complaint and the appeal was
dismissed by this Court on April 5, 1926, that is, approxi-
mately two and one-half years after the judgment appealed
from was rendered.   It does not appear that the plaintiff
took any steps to enforce the judgment, which had become final
(firme) since 1923, as regards the defendants against whom
the complaint had been sustained.   In September, 1931, that
is, approximately eight years after the judgment became
final against the defendants referred to, the plaintiff filed a
motion for a writ of execution of the judgment and the Dis-
trict Court of Arecibo denied this motion.

In accordance with section 243 of the Code of Civil Proce-
dure, in all cases other than for the recovery of money, the
judgment may be enforced or carried into execution after the
lapse of five years from the date of its entry, by leave of the
court upon motion, or by judgment for that purpose found
on supplemental proceedings.

The only ground set up in the plaintiff's unverified motion
is that the defendants continued in possession of the prop-
erty.   Usually these motions are supported by affidavit.   11
Cal. Jurisprudence, 50.   It is discretionary with the court to

deny or grant such motion. In the case of *Wheeler* v. *Eldred*, 121 Cal. 28, judgment was rendered ordering the sale of certain mortgaged properties. Five years after the judgment became final, the plaintiff applied for a writ of execution of the judgment, pursuant to section 685 of the Code of Civil Procedure of California, as amended, which is the same as section 243 of our Code of Civil Procedure, the only difference being that the section of the California code does not except actions for the recovery of money. In deciding the question raised by the plaintiff in the aforesaid case, the Supreme Court of California said:

"Several interesting questions are raised in argument touching the effect, and even the validity, of said amended section of the code; only one of them need be now examined. Plaintiff does not contend that the denial of his motion was, in view of the evidence before the court at the hearing, an abuse of power, if the court can exercise discretion in such cases, but he claims that under the statute the court had no discretion to refuse his application. This position cannot be maintained. By statute in New York, 'After the lapse of five years from the entry of a final judgment, execution can be issued thereupon, . . . 2. Where an order is made by the court granting leave to issue the execution' (N. Y. Code Civ. Proc., sec. 1377); and it is there held by the court of appeals that the effect of this provision, in a case within its terms, is to render the allowance of a writ of possession on a judgment for the recovery of lands a matter 'resting wholly in the discretion of the court.' (*Van Renssalaer* v. *Wright*, 121 N. Y. 626. See *Bank of New York* v. *Eden*, 17 Johns. 105, which asserts discretion in the court whether it would allow a *scire facias* on a judgment of more than twenty years' standing; also, as to the discretionary power of a court of equity to refuse, upon circumstances, to carry a former decree into execution when by reason of neglect to enforce the same, or for other cause, it becomes necessary to file a bill for that purpose, see *Attorney General* v. *Day*, 1 Ves. Sr. 218; *Lawrence Mfg. Co.* v. *Janesville, etc., Mills*, 138 U. S. 552.) Aside from authority, it seems to us manifestly politic, at least in actions where title to real property is involved, that the courts should not be bound to allow the enforcement of the judgment after lapse of five years; otherwise the judgment becomes a perpetual encumbrance by mere neglect of the owner thereof to execute

it. We think therefore that the provision of said section 685 that 'the judgment may be enforced by leave of the court' in actions like the present, and that the court must determine in the exercise of a sound discretion whether the dormant judgment shall be enforced."

In the case of *People V. Carlin*, 191 App. Div. 258, the Supreme Court of New York, Appellate Division, interpreting a statute similar to ours, held as follows:

"The policy of the law, as indicated by sections 1375 and 1377 of the Code of Civil Procedure, is that a party who has a judgment and wishes to enforce it by the summary process of the court, should do so promptly, and if he sleeps upon his right for five years' time and its changes cast a certain doubt upon the judgment, or at least upon the right to its summary enforcement, and that he shall not have the execution of the court unless, upon facts found, the court is satisfied that the judgment has not been paid and that no other reason exists why it should not be summarily enforced."

The plaintiff in the instant case resorted to an action of unlawful detainer, which is a summary proceeding, against the defendant, and after judgment therein was obtained and the same became final, and after the lapse of eight years without enforcing it, the plaintiff now applies for the execution of that judgment without explaining to the court the reasons for not previously requesting it, and without stating any reason to justify the exercise of the judicial discretion in its favor.

We are of opinion that the judgment appealed from must be affirmed.